WILLIAMS v BORMAN'S FOODS, INC

Docket No. 119679. Submitted January 17, 1991, at Detroit. Decided May 14, 1991; approved for publication September 26, 1991, at 9:10 A.M.

Cornelius Williams brought an action in the Wayne Circuit Court against Borman's Foods, Inc., alleging that he was injured when he slipped and fell as the result of the defendant's negligence in allowing water to accumulate on the floor of the produce department. A jury verdict of $147,000 for the plaintiff was entered, William J. Giovan, J. The defendant appealed.

The Court of Appeals *held:*

1. Because the plaintiff alleged active negligence by the defendant's agents in the creation of the dangerous condition rather than the creation of that condition by a third party, proof of the defendant's actual or constructive notice of the dangerous condition was unnecessary. Accordingly, the trial court properly refused to give the defendant's requested jury instructions concerning the issue of notice.

2. The defendant's requested jury instruction concerning the liability of a possessor of a premises was adequately covered by the standard jury instruction that was given. Further, the requested instruction failed to state the applicable law in an unslanted and nonargumentative manner.

Affirmed.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Lee R. Franklin*), for the plaintiff.

*Vandeveer Garzia* (by *Robert D. Brignall*), for the defendant.

Before: Marilyn Kelly, P.J., and Holbrook, Jr., and Michael J. Kelly, JJ.

Per Curiam. Defendant appeals as of right from

a jury verdict of $147,000 in favor of plaintiff in this slip and fall case. We affirm.

As plaintiff was walking through the produce department at defendant's supermarket, he slipped on the floor, fell and injured himself. Plaintiff claimed there were puddles on the floor formed by water that was running out from under a table. A security guard and manager took pictures and completed an accident report. However defendant was unable to produce either the pictures or the report after suit was filed.

On appeal, defendant argues that there was insufficient evidence that the condition was caused by active negligence or that defendant had notice of the condition. Defendant also contends that the court erred in refusing to give several non-standard jury instructions.

Negligence may consist of the failure of a defendant to discover a dangerous condition created by a third party. In that event, the defendant must have actual or constructive notice of the existence of the condition. Active negligence exists where a defendant or his agents have created a dangerous condition. In that case, proof of notice is unnecessary. *Hulett v Great Atlantic & Pacific Tea Co,* 299 Mich 59, 66-68; 299 NW 807 (1941).

Here, plaintiff alleged that defendant's agents created the condition. Thus there is no need for proof of notice. Plaintiff claimed that there were puddles on the floor and that water was running out from under a table. Defendant's witness stated that there was a drainage system under the produce tables but no procedure for regular inspection of the system. Rather, inspection was prompted by the presence of the leak. There was sufficient evidence from which one could infer that defendant's negligent maintenance of the drainage system created the dangerous condition. *Boggerty v*

*Wilson,* 160 Mich App 514, 522; 408 NW2d 809 (1987).

Next, defendant claims that the court erred in refusing to give the jury five supplemental instructions. Four of the proposed instructions dealt with the issue of notice. As discussed previously, notice was not an essential element of plaintiff's case. The remaining instruction concerned the liability of a possessor of premises. This was covered by the standard jury instructions. Moreover, the proposed instructions failed to state the applicable law in an unslanted and non-argumentative style. MCR 2.516(D)(4); *Johnson v Corbet,* 423 Mich 304, 327; 377 NW2d 713 (1985); *Beadle v Allis,* 165 Mich App 516; 418 NW2d 906 (1987). The court did not err.

Affirmed.