# STATE OF MICHIGAN

# COURT OF APPEALS

EXZINER LLOYD,

Plaintiff-Appellant,

v

TSFR APPLE VENTURE, LLC,

Defendant-Appellee.

UNPUBLISHED
October 26, 2017

No.  333069
Wayne Circuit Court
LC No.  15-006917-NO

Before:  BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this premises liability slip-and-fall action, plaintiff appeals by right the trial court's grant of summary disposition in favor of defendant.  Plaintiff was a business invitee at defendant's Applebee's Restaurant, walked to the restroom, and on her way back slipped and fell on an area of tiled flooring in front of the kitchen.  After her fall, plaintiff noticed an oily residue on her hands and knees.  Plaintiff contends that defendant knew or should have been aware of the condition of the floor and failed to properly maintain the premises.  The trial court granted summary disposition upon concluding that plaintiff had failed to establish a genuine question of fact whether defendant had notice of or created the dangerous condition.  We affirm.

Because the trial court considered, and the parties cited, evidence beyond the pleadings in deciding the motion for summary disposition, we treat it as if it had been based on MCR 2.116(C)(10).  *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).  A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law.  *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).  When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact.  *Id*. at 120.  We note that the trial court properly deemed this a premises liability action rather than a negligence action, because plaintiff's "injury arose from an allegedly dangerous condition on the land."  *Buhalis v Trinity Continuing Care Services*, 296 Mich App 685, 692; 822 NW2d 254 (2012); see also *Kachudas v Invaders Self Auto Wash Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010).

A plaintiff in a premises liability action has the burden to prove "'(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages.'" *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (citation omitted). A premises owner breaches its duty of care when it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012); *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). When there is no evidence to show that a defendant had actual knowledge of the condition, the issue is whether defendant had constructive notice. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). Constructive notice is established if the evidence demonstrates that the condition is of such a character, or has existed for a sufficient length of time, that the landowner should have had knowledge of it. *Id.* When the landowner or his agent creates the dangerous condition, active negligence exists, and proof of notice is not required. *Williams v Borman's Foods, Inc*, 191 Mich App 320, 321; 477 NW2d 425 (1991).

Plaintiff does not assert that defendant had actual knowledge of the condition of the floor. To prove that defendant had constructive notice of the defect, plaintiff must present evidence "that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Lowery v LMPS & LMPJ, Inc*, 500 Mich 1, 11-12; 890 NW2d 344 (2016). We find that plaintiff has not established the requisite evidence. By her own testimony, she had traversed the same area of the floor on her way to the restroom without noticing anything wrong, and she opined that it was "different" on the way back when she fell. Indeed, plaintiff did not observe any grease on the floor at all, but rather only on her hands and knees; other witnesses testified that they inspected the area after the fall and saw no grease or oil on the floor. Plaintiff argues that the floor had by defendant's admission not been cleaned for many hours. However, although the residue on plaintiff's hands and knees is sufficient to raise a question of fact as to whether there was residue on the floor *when she fell*, it is pure speculation when it was deposited, and based on her noticing a difference on her way back from the restroom and her own description of how difficult it was to get up after her fall, the evidence strongly implies that any such residue could not have been deposited longer ago than her trip to the restroom. Furthermore, its invisibility to her and to the other witnesses also suggests that defendant should not have been aware of its presence until plaintiff fell.

In the alternative, plaintiff argues on appeal that proof of notice is unnecessary because defendant negligently created the dangerous condition. In effect, plaintiff argues that there is no other way the grease could have gotten there, and implies that grease was likely a regular occurrence pursuant to defendant's policy of scrubbing the floor daily. Plaintiff argues that any grease must have come from servers or some kind of kitchen discharge because she fell in an area where servers exited and entered the kitchen, so it could not have come from a patron. However, given that the area was apparently also the path to the restroom, anything on the floor could easily have come from a patron. We are uninclined to presume that a regular cleaning schedule in a restaurant is evidence of filth. Again, no witness actually observed any grease or oil on the floor. We agree with the trial court's finding that plaintiff's argument is speculative.

Because plaintiff does not assert that defendant had actual notice of the grease or oil, we find it speculative to deduce that defendant was responsible for placing any grease or oil on the

floor, and we find that plaintiff has not provided evidence tending to suggest that defendant should have been on notice of any grease or oil, summary disposition in favor of defendant was appropriate.

Affirmed.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause