# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF EDWARD CROCKER, by JAMIE
LYNN SHELTON, Personal Representative,

        Plaintiff/Counterdefendant-
        Appellant,

v

MELVINDALE MOBILE HOME PARK, INC.,

        Defendant/Counterplaintiff-
        Appellee.

UNPUBLISHED
February 22, 2018

No. 335887
Wayne Circuit Court
LC No. 15-011817-NO

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals the trial court's decision granting summary disposition in favor of defendant, pursuant to MCR 2.116(C)(10), on the grounds that plaintiff had not established a question of fact whether defendant had notice of the alleged defective construction of a wooden porch it constructed and attached to plaintiff's mobile home. We conclude that the trial court erred in two respects. First, plaintiff provided evidence sufficient to create a question of fact that the alleged defect was the result of defendant's active negligence; where active negligence is shown the requirement of notice is satisfied. Second, the court erroneously excluded testimony that the injured party did provide direct notice to defendant prior to the event in question. The court failed to recognize that the declarant's out-of-court statement was not being offered for the truth of the matter asserted, and so was not hearsay. Accordingly, we reverse and remand for further proceedings.[1]

---

[1] The injured party, Edward Crocker, died sometime after this suit was filed from causes unrelated to his fall. Crocker's daughter, Jamie Shelton, was appointed as the personal representative of his estate and was substituted for Crocker as the named plaintiff. Accordingly, we will refer to Shelton and the estate as "plaintiff" and refer to her father, the injured party, as "Crocker."

## I. FACTS

This case arose on March 24, 2015. On that date, according to plaintiff's testimony, Crocker was walking on the porch when it began shifting from left to right and back again. The movement of the porch caused him to fall and suffer injury. Later, Crocker filed suit alleging that the porch had not been properly affixed to the home when defendant installed it and that he was injured as a result.

Defendant moved for summary disposition on the ground that there was no evidence to show that it had notice of this condition. Plaintiff offered two responses. First, that because the condition of the porch was due to the active negligence of defendant, i.e., failing to properly affix the porch to the house, notice need not otherwise be shown. Second, plaintiff presented evidence that actual notice had been provided. Plaintiff testified that she overheard several telephone calls made by Crocker to defendant's manager, Andrea Gulley, during which Crocker complained that the porch was unsteady. The trial court erroneously rejected both of these arguments which we will discuss individually.[2]

## II. ANALYSIS

### A. Active Negligence

It is well-settled that if the "evidence leads to an inference that defendant created the condition that caused [plaintiff's] fall, proof of notice is unnecessary . . . ." *Berryman v K Mart Corp*, 193 Mich App 88, 93; 483 NW2d 642 (1992). "Active negligence exists where a defendant or his agents have created a dangerous condition. In that case, proof of notice is unnecessary." *Williams v. Borman's Foods, Inc*, 191 Mich App 320, 321; 477 NW2d 425 (1991). A "plaintiff can raise a legitimate claim of active negligence by showing that [a] defendant negligently performed an act and that its negligent performance was likely to result in harm." *Johnson v A & M Custom Built Homes of West Bloomfield, LPC*, 261 Mich App 719, 725; 683 NW2d 229 (2004).

It is uncontested that the porch was installed by Mike Kliemann who is an employee of defendant and was acting on behalf of defendant when he did so. After Crocker's injury, Patrick

---

[2]Decisions on motions for summary disposition are reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A MCR 2.116(C)(10) motion tests the factual sufficiency of the complaint. *Maiden*, 461 Mich at 120. The court evaluates the documentary evidence and other materials submitted by the parties in the light most favorable to the nonmovant. *Id*. Consequently, the court must draw all reasonable inferences in favor of the nonmovant. *Dextrom v Wexford Co*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010). A trial court must grant the motion if it finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

Lyons, a home inspector, was retained by plaintiff to inspect the porch. As stated in his report, he found the following:

- The porch and the stairs are not attached to the structure or the ground in any way. My weight caused them to shift and sway dangerously.

- Bottom 2 X 4 brace and bottom of the legs not connected to the manufactured home structure.

- Porch not anchored to the manufactured home.

- Right front corner of the porch sitting on concrete block with no attachment.

-  Left side porch post sitting on concrete block, no attachment.

- Front porch posts sitting on blocks with no attachment.

- Front of steps sitting on ground and concrete block with no attachment.

- Left railing not properly anchored.

-  [R]ight side railing not anchored to manufactured home.

Lyons testified that he was able to actually lift the stairs off the blocks and the left side of the porch off the blocks. He provided photos and video of his inspection. In sum, plaintiff submitted evidence that the porch was essentially sitting on concrete blocks without attachment and poorly attached, if at all, to the home itself.

Defendant points out that Kleinman testified that he properly installed the porch. According to Kleinman, he affixed the porch and stairs to the blocks and the home, and he agreed that a failure to do so would be negligent. He testified that the method he used to affix the porch to the blocks was to apply a glue-like material called "Liquid Nails."[3] He also testified, contrary to Lyons, that when he inspected the porch, (a month *after* Lyons did), the porch was fully affixed. Thus, Lyons and Kleinman offered what was clearly conflicting testimony about whether the porch and stairs were affixed.

In addition, Kleinman testified that when he inspected the porch a month after Lyons did, it was essentially in the same condition it was in when he finished installing it. Since his

---

[3] Lyons was critical of the use of Liquid Nails for such a job. He testified that he had never seen it used for this purpose and that "it would not work." He further testified that "the porch would never have stayed adhered with [Liquid Nails] . . . it would have taken fairly large bolts to hold [the porch] that tight to the mobile home, and there was nothing . . . [there was] a clear inch and half gap all the way across. There was nothing connecting them."

inspection occurred after Lyons' inspection, the structure of the porch must have also been in its original condition when Lyons inspected it. Thus, each testified to the manner in which the porch and stairs were affixed (or not) at the time of installation. One testified that it was fully affixed; the other testified that it was not affixed. Thus, there is plainly a question of fact whether Kleinman was actively negligent when he installed the porch. If he was, there is no requirement of other evidence of notice.

## B. Notice Given by Crocker

Even in the absence of active negligence, a premises owner's notice of a dangerous condition may be shown by demonstrating that the defendant "possessed actual or constructive notice of the dangerous condition." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). Plaintiff testified that she was present on two occasions when her father called defendant's manager and complained about the unsafe condition of the porch.

The relevant portions of plaintiff's deposition testimony are as follows:

> *Q.* Did he [(Crocker)] ever submit anything in writing to the mobile home park?
>
> *A.* Not that I know of. I was there when he called Andrea [Gulley] twice. And then he told me he called her a third time.
>
> *Q.* And when you were there on those two occasions, what do you recall him saying?
>
> *A. He said, "Okay. Well, you guys need to fix it because Anette*[4] *or myself is going to end up falling."*
>
> *Q. Well, what did he say was wrong?*
>
> *A. That it was unsteady, it was unstable* and that it was slick because they didn't put anything on the wood.

Defendant did not argue that if these phone calls occurred, it was inadequate to provide actual notice. Instead, defendant argues that the testimony should not be admitted because it described hearsay. We disagree. The fundamental definition of hearsay is set forth in MRE 801(c) which provides, "Hearsay is a statement other than the one made by the *declarant* while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted.*" (Emphasis added). The "truth of the matter asserted" goes to the statement of the declarant, not of the witness. The statement of the declarant, i.e. Crocker, was that the porch needed to be fixed because it was unsteady and unstable. However, his statements were not offered to prove that the porch actually needed to be fixed; rather they were offered to prove that Crocker

---

[4] Anette Pickens was Crocker's roommate.

provided notice of the alleged problem to defendant. Accordingly, these out-of-court statements were not hearsay.[5]

For each of the reasons discussed herein, summary disposition was erroneously granted. We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff as prevailing party may tax costs. MCR 7.219(A).

/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[5] Our concurring colleague misconstrues the hearsay rule. The phrase "truth of the matter asserted" applies to what was asserted in the out-of-court statement. The "matter asserted" in the declarant's statement was that the porch was in bad condition. The statement was not, however, offered to prove that the porch was in bad condition. Rather, it was offered to prove that the declarant had received notice of the alleged condition. *Johnson v Grand Truck Western R Co*, 58 Mich App 708, 719; 228 NW2d 795 (1975) (holding that "if plaintiff seeks to introduce th[e] report only to show [defendant's] notice and knowledge of the [premises'] dangerous condition, there is no hearsay problem and it should be admitted."); McCormick on Evidence (7th ed), § 249, p 191 ("A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as receiving notice, or having knowledge . . . ."). To the degree that defendant had concerns that a jury might improperly consider the statement as substantive evidence if the porch's condition, it could request a limiting instruction directing the jury to consider the evidence only for purposes of deciding whether defendant had notice. "Jurors are presumed to follow their instructions . . . ." *Zaremba Equip, Inc v Harco Nat Ins Co*, 302 Mich App 25; 837 NW2d 686 (20130. Evidence that is admissible for one purpose is not inadmissible because its use for a different purpose is precluded. See *People v Sabin (After Remand*, 463 Mich 43, 56; 614 NW2d 888 (2000); *Int'l Union, UW v Dorsey (On Remand)*, 273 Mich App 26, 42; 730 NW2d 17 (2006); *People v McGhee*, 268 Mich App 600, 639; 709 NW2d 595 (2005).