*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAREK HAMADE,

        Plaintiff-Appellant,

v

NEW LAWN SOD FARM INC., DEBUCK'S
CORN MAZE AND PUMPKIN PATCH, NORMAN
DEBUCK, and LINDA DEBUCK,

        Defendants-Appellees.

UNPUBLISHED
June 16, 2022

No. 357445
Wayne Circuit Court
LC No. 18-015562-NO

Before: O'BRIEN, P.J., and SWARTZLE and PATEL, JJ.

PER CURIAM.

Tarek Hamade attempted to complete an obstacle course that required him to walk on vertical tires that were buried halfway in the ground. While stepping on one of the tires, the tire buckled beneath Hamade, and he broke his ankle. Hamade sued defendants—the owners of the obstacle course—and on remand from this Court, the trial court granted summary disposition to defendants, concluding that they did not have notice of the defective tire and did not cause the danger. We affirm in part and reverse in part.

## I. BACKGROUND

Defendants own and operate a pumpkin patch and corn maze park that is open to the public in September and October. This Court previously summarized the facts of this case in *Hamade v New Lawn Sod Farm Inc.*, unpublished per curiam opinion of the Court of Appeals, issued February 11, 2021 (Docket No. 352652), p 1-2:

> [Hamade] and his family visited defendants' pumpkin patch and corn maze (the "corn maze") in Belleville, Michigan, for a day of amusement. While there, [Hamade] noticed defendants' "Tough Farmer" obstacle course. Participants of the course were expected to walk or run across a balance beam and a series of vertical tires buried halfway in the ground, and climb over haystacks. [Hamade] challenged his 14-year-old niece to a race through the course. While waiting his turn, [Hamade] observed others traverse the course, including the vertical tires, without

-1-

issue. Some of the participants that completed the obstacle course while [Hamade] was waiting were the same size as, or larger than, [Hamade]. When [Hamade] ran across the vertical tires, one of the tires bent significantly, resulting in [Hamade] fracturing his foot.

Scott Debuck, the manager of the corn maze, testified he was unaware of the defective tire until after [Hamade's] accident. Scott admitted knowledge that the tire was "spongy," yet stated that no other participant had reported issues with the tire area in the three years the obstacle course had been in place. Indeed, [Hamade] stated that before the accident, the tires appeared "sturdy."

Plaintiff's counsel deposed Scott. (We use his first name to avoid confusion between defendants.) Scott built the obstacle course, and it was opened to the public in September 2016. Scott knew that the tire was "spongy" when he installed it in the obstacle course, but he strategically placed it between two larger towers "so it held up." Nevertheless, he did not physically inspect the course even though he acknowledged that was the only way to check the structural integrity of the tire. Scott further stated that, even if he did perform a physical examination, he probably would have skipped the tire at issue because of its relatively small size. Instead, Scott relied solely on visual inspections. He completed one such examination the day of Hamade's fall and did not see anything wrong with the tires. He testified that defendants did not keep maintenance records at any time prior to the accident, but that they did now; in his words, "We are better at that."

Hamade sued defendants and they moved for summary disposition, arguing that the defective tire was an open-and-obvious danger. The trial court agreed and granted summary disposition to defendants. This Court reversed. *Id*. at 5. On remand, defendants and Hamade each moved for summary disposition. The trial court granted summary disposition to defendants, concluding that they did not have constructive notice of the tire's defect and were not actively negligent. This appeal followed.

II. ANALYSIS

Hamade argues that the trial court erred by granting summary disposition to defendants and that, instead, it should have granted summary disposition to him. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Hamade first argues that defendants had constructive notice of the defective tire. It is undisputed that Hamade was an invitee when he attempted to complete the obstacle course. To prevail on a premises-liability claim, "an invitee must show that the premises owner breached its duty to the invitee and that the breach constituted the proximate cause of damages suffered by the invitee." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). "A premises

owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*. (quotation marks and citation omitted). To establish this element, a plaintiff must show that the premises owner had actual or constructive notice of the defect. *Id*. at 8, 10.

Actual notice is not at issue in this case, so we turn to constructive notice. A premises owner has constructive notice of a hazard if "the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. Indeed, a premises owner has a duty to inspect the property to ensure it is safe for third-parties such as invitees. *Albitus v Greektown Casino, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 356188); slip op at 3-4. At the summary-disposition stage of proceedings, the premises owner is not required to present evidence of how and when the owner investigated the premises. *Id*. Rather, "[o]nly when the plaintiff has successfully established a question of fact regarding constructive notice might evidence of inspection efforts be needed for the defendant to negate an essential element of the nonmoving party's claim." *Id*. at ___; slip op at 4 (cleaned up).

Scott was aware that the tire was "spongy" when he installed it in the obstacle course, but nothing in the record establishes when the tire became an actual danger. The tire had apparently been in place for several seasons without any complaints before Hamade's injury. Given this, the record does not establish that the hazard existed for a sufficient time to give defendants constructive notice of it. But the character of the hazard is another matter.

The defective tire was part of an obstacle course and, therefore, it inherently posed a danger to anyone who stepped on it while completing the obstacle course. Scott was aware, when he installed the obstacle course, that the tire Hamade injured himself on was spongy. Scott was additionally aware that the best, and perhaps only, way to examine that tire's structural integrity was with a physical examination. Nevertheless, Scott performed only visual examinations. Although Scott had never received a complaint about the tire before Hamade's injury, he knew that the tire was spongy and failed to examine it physically. Viewed in the light most favorable to Hamade, this evidence establishes a dispute of material fact because Scott was aware of a potential hazard and did not take the precautionary measures he believed were necessary to monitor the hazard. Viewed in the light most favorable to defendants, however, a dispute of material fact remains because Scott had never received a complaint about the tire, and his routine visual inspections did not reveal any issues. The lack of any complaints about the tire prior to Hamade's fall suggests that the hazard was not of such a character that defendants should have been aware of it when Hamade fell. This is a classic question of fact, and, thus, neither Hamade nor defendants are entitled to summary disposition on Hamade's constructive-notice theory.

Hamade next argues that defendants were actively negligent and created the hazard through their inspection procedure. "Active negligence exists where a defendant or his agents have created a dangerous condition. In that case, proof of notice is unnecessary." *Williams v Borman's Foods, Inc*, 191 Mich App 320, 321; 477 NW2d 425 (1991). Visually inspecting tires cannot cause them to degrade. This case does not present a situation like *Williams* in which the failure to maintain a drainage system caused a leak, which in turn caused the plaintiff to fall. *Id*. A drainage system plainly requires maintenance because it can leak and create a slippery surface. Tires in an obstacle course, however, do not present the same type of problems. Although tires can rot from nonuse,

defendants had not encountered any such issue with the obstacle course before and nothing in the record suggests that defendants intentionally used defective tires in the obstacle course. Instead, the tires were placed years earlier and the obstacle course was constructed in a way to mitigate any issues caused by the tire Hamade fell on being spongy. Accordingly, the trial court did not err by concluding that defendants were not actively negligent.

## III. CONCLUSION

For the reasons stated in this opinion, neither Hamade nor defendants are entitled to summary disposition based on constructive notice, but defendants are entitled to partial summary disposition of Hamade's theory of actual-negligence. We remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Sima G. Patel