# STATE OF MICHIGAN

# COURT OF APPEALS

---

FRANK ANTHONY SCOLA,

        Plaintiff-Appellant,

v

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, and JP MORGAN CHASE &
CO.,

        Defendants-Appellees,

and

KATHLEEN SCOLA, ESTATE OF JOHN
BARROW BROWN, Deceased, and CITY OF
WAYNE,

        Defendants.

UNPUBLISHED
October 4, 2018

No. 338966
Wayne Circuit Court
LC No. 15-002804-NI

---

Before: O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right a final order of dismissal in this premises liability action. Plaintiff's claims on appeal relate to an earlier order granting summary disposition to defendants JP Morgan Chase Bank, National Association, and JP Morgan Chase & Co. (Chase Bank defendants).[1] We affirm.

On June 27, 2003, when plaintiff was seven years old, he was the passenger in a car involved in a head-on collision. Plaintiff was riding in the middle seat of a station wagon driven by his mother, Kathleen Scola (Kathleen). Kathleen drove southbound on Wayne Road, needing to head east on Michigan Avenue, when she realized that she accidentally drove through the

---

[1] Stipulated orders of dismissal related to defendants Kathleen Scola, the estate of John Barrow Brown, and the city of Wayne were entered by the trial court and they are not parties to this appeal.

intersection with Michigan Avenue. In this area of downtown Wayne, Michigan Avenue splits into two one-way roads, with a city block in between them. Kathleen turned into the bank parking owned by Chase Bank defendants on Wayne Road, then exited the bank parking lot and turned right onto the one-way, westbound portion of Michigan Avenue. She thereafter was involved in a head-on collision with a car traveling westbound on Michigan Avenue. Plaintiff sustained serious injuries in the accident and filed this action in 2015. Plaintiff asserted that defendants were negligent in that they had a duty to maintain their parking lot in a safe condition for public travel, but failed to do so because there were no signs warning drivers exiting their parking lot that the intersecting roadway, Michigan Avenue, was a one-way westbound road, although it was foreseeable that drivers would turn in the wrong direction and into oncoming traffic.

Chase Bank defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) arguing, in part, that they did not have a duty to post any type of sign warning drivers of the one-way road and any danger associated with turning the wrong way on a one-way road was open and obvious. Plaintiff responded that the open and obvious doctrine did not apply because plaintiff's claim was not based on premises liability; rather, plaintiff's claim sounded in ordinary negligence. The trial court agreed with Chase Bank defendants and granted their motion.

The trial court did not specify under which court rule it granted the motion. When a party moves for summary disposition under multiple subrules, the trial court rules on the motion without specifying the subrule under which it made its decision, and the trial court considered documentary evidence beyond the pleadings, this Court reviews the decision as if it were based on MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Although Chase Bank defendants moved for summary disposition pursuant to MCR 2.116(C)(8), they supported their motion with documentary evidence, including depositions. Thus, review on appeal is pursuant to MCR 2.116(C)(10). *Id*.

This Court reviews a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of a plaintiff's claim. *Gorman*, 302 Mich App at 115. The trial court considers the evidence in the light most favorable to the nonmoving party. *Id*. Summary disposition is proper under MCR 2.116(C)(10) if " 'there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.' " *Id*. at 116 (citation omitted). There is a genuine issue of material fact " 'when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ.' " *Id*. (citation omitted).

On appeal, plaintiff argues that the trial court erred in granting Chase Bank defendants' motion for summary disposition because the open and obvious doctrine does not apply to the one-way nature of Michigan Avenue in Wayne, Michigan, because it is not located on Chase bank defendants' premises; that plaintiff's claim was for ordinary negligence rather than premises liability; and, that a question of fact existed whether Chase Bank defendants had a duty to plaintiff to place a sign in the exit of its parking lot indicating that Michigan Avenue was a one-way street. We disagree.

Plaintiff's amended complaint included a count of "negligence" against Chase Bank defendants. " 'Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land.' " *Lymon v Freedland*, 314 Mich App 746, 756; 887 NW2d 456 (2016), quoting *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). Claims of ordinary negligence are based on the premise that an individual has a duty to follow an applicable standard of care when conducting an activity. *Lymon*, 314 Mich App at 756. Claims of premises liability are based on a defendant's duty as an owner, possessor, or occupier of land. *Id*. An action sounds in premises liability rather than ordinary negligence when an injury occurs from a condition of the land, rather than an activity or conduct that created the condition on the land. *Id*.

"[T]he gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). Although labeled as a claim of "negligence" in plaintiff's amended complaint, plaintiff alleged that Chase Bank defendants

> assumed responsibility for placement of traffic control signals, lane markings, channelization, and all other matters relating to the design, construction, and maintenance of its parking lot/driveway where it meets West Michigan Avenue so that entering West Michigan Avenue would be reasonably safe and convenient for public travel.

Plaintiff alleged that Chase Bank defendants had a duty "to maintain the transition from its private driveway/parking lot to West Michigan Avenue in a condition safe and fit for public travel" and that the lack of traffic control signs or devices in the "transition" was "an unsafe and defective condition." Plaintiff further alleged that the failure of Chase Bank defendants to "design, construct, and maintain" the parking lot and driveway was the alleged proximate cause of plaintiff's injuries. Plaintiff referred to the lack of signage as a "dangerous condition." At the hearing on Chase Bank defendants' motion for summary disposition, the trial court provided, "Even if we assume [p]laintiff was an invitee[,] this [c]ourt finds that the action sounds in premises liability." Plaintiff's claims sounded in premises liability because he argued that his injuries occurred from a condition of the land, namely, the lack of signage. Thus, plaintiff's claims sounded in premises liability. *Id*. We agree.

In premises liability actions, the plaintiff must prove the elements of negligence: " '(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages.' " *Buhalis*, 296 Mich App at 693, quoting *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013).

The trial court did not determine the status of plaintiff when he was on Chase Bank defendants' premises ("Even if we assume [p]laintiff was an invitee . . ."). Chase Bank defendants asserted that plaintiff was a trespasser in their motion for summary disposition and plaintiff agreed in his response. However, "invitee status is commonly afforded to persons

entering upon the property of another for business purposes." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). Plaintiff, Kathleen, and Susan Seibert, Kathleen's sister seated in the passenger seat at the time of the accident, all testified that Kathleen had no intention of doing business at the bank when she turned into the parking lot. Her sole purpose was to get onto Michigan Avenue. However, a trespasser enters a landowner's land without consent. *Sanders*, 303 Mich App at 4. Lieutenant Robert Puckett, the officer responding to the accident, testified that Kathleen did not break any law when she used the parking lot to turn around because she was not trying to avoid a traffic device. She was just lost. A licensee may enter the land of another by virtue of the landowner's consent. *Id*. No evidence related to such consent was established in the trial court. Plaintiff's issue on appeal relates only to the trial court's application of the open and obvious doctrine. The trial court assumed, without deciding, that plaintiff was an invitee and he will thus be considered as such for purposes of appeal.

"It is well settled in Michigan that a premises owner must maintain his or her property in a reasonably safe condition and has a duty to exercise due care to protect invitees from conditions that might result in injury." *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 90; 485 NW2d 676 (1992). However, a premises possessor does not owe a duty to protect or warn an invitee regarding dangers that are open and obvious. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). This is "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 461. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. This inquiry involves an objective examination of the nature of the condition on the land. *Id*.

On appeal, plaintiff argues that the open and obvious doctrine does not apply to dangerous conditions that do not occur on a defendant's premises, and here, the collision occurred off Chase Bank defendants' premises, so premises liability and the open and obvious doctrine did not apply. As an initial matter, plaintiff did not allege in his complaint that the one-way nature of Michigan Avenue itself was the dangerous condition. Rather, he argued that the failure of Chase Bank defendants to place warning signs at the exit of the parking lot at Michigan Avenue was the alleged defect. Plaintiff argued in his motion for reconsideration, and on appeal, that the open and obvious doctrine did not apply because Michigan Avenue was not on the bank's premises and the collision did not occur on the bank's premises. However, the alleged dangerous condition, the lack of warning signage at the exit driveway, was located (or should have been located, according to plaintiff) on the bank's premises. Thus, application of the open and obvious doctrine to the lack of signage regarding the one-way nature of Michigan Avenue is not precluded.

The lack of signage regarding the one-way nature of Michigan Avenue was open and obvious. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon causal inspection." *Id*. An average person with ordinary intelligence would have discovered that Michigan Avenue was one-way at the exit of the bank parking lot upon casual inspection without signs present. Lieutenant Puckett testified at deposition that there were one-way signs at the intersection of Wayne Road and Michigan Avenue at the time of his deposition in November 2015, and similar, if not the same, signs were present in 2003 at the time of this accident.

Kathleen drove through the intersection just before the accident, and testified that, if such signs were present, she did not see them. Timothy Robbins, one of plaintiff's experts, testified at deposition that there were only white lines on the roadway of Michigan Avenue, indicating that it was a one-way street. An average person with ordinary intelligence would have discovered the traffic signs at the intersection and the white lines on the roadway upon casual inspection in the absence of signs in the parking lot. *Id.* As the trial court noted, "A one-way lane is an everyday occurrence that all drivers face everyday [sic]." Therefore, the trial court did not err when it determined that the lack of signage indicating that Michigan Avenue was one-way was open and obvious.

Although plaintiff did not assert the existence of any special aspects in the lower court or on appeal, Chase Bank defendants asserted on appeal that there were no special aspects of the bank parking lot that removed it from the open and obvious doctrine. We agree.

An exception to the preclusion of liability for open and obvious dangers arises when special aspects of the condition of the land make even an open and obvious risk unreasonable. *Hoffner*, 492 Mich at 461. Special aspects exist when the open and obvious hazard is unreasonably dangerous or effectively unavoidable. *Id.* at 461-463.

> [E]xceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations. Thus, an "unreasonably dangerous" hazard must be just that – not just a dangerous hazard, but one that is *unreasonably* so. And it must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances. An "effectively avoidable" hazard must truly be, for all practical purposes, one that a person is required to confront under the circumstances. A general interest in using, or even a contractual right to use, a business's services simply does not equate with a compulsion to confront a hazard and does not rise to the level of a "special aspect" characterized by its *unreasonable risk of harm.* [*Id.* at 472-473 (citations omitted; italics in the original).]

Only those special aspects that result in a uniquely high likelihood of harm or severity of harm may remove a condition from the open and obvious doctrine. *Id.* at 472 n 38.

At the hearing on Chase Bank defendants' motion for summary disposition, the trial court noted, "In order to be considered unreasonably dangerous[,] there must be something out of the ordinary, special about a particular open and obvious danger in order for the premises possessor to be expected to anticipate harm from that condition." There were no special aspects removing the bank parking lot driveway exiting onto one-way Michigan Avenue from the open and obvious danger doctrine. An exit from a business without one-way warning signs is a typical hazard that does not constitute a limited extreme situation. Although plaintiff incurred a serious injury to his kidney, "even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Hoffner*, 492 Mich at 472. The driveway onto Michigan Avenue did not pose a uniquely high likelihood of harm or severity of harm and the condition must be more than theoretically or retrospectively dangerous to fall outside the doctrine. *Id.*

-5-

Furthermore, the alleged hazard was not effectively unavoidable. Kathleen chose to enter the bank parking lot solely as a route to get eastbound on Michigan Avenue. She could have turned around in a different business, or taken other roads to get onto eastbound Michigan Avenue. She could have gone directly to eastbound Michigan Avenue. She chose the bank parking lot because it was the first available drive to turn into after she accidentally drove through the intersection, not realizing that it was the one-way westbound portion of Michigan Avenue. Additionally, there were other exit driveways in the bank parking lot. It appears from the aerial photographs of the bank parking lot that there was the driveway from Wayne Road from which Kathleen entered the lot, the drive-through teller exit onto Michigan Avenue from which she exited, and a one-way entrance on Michigan Avenue into the parking lot with a corresponding one-way exit onto Michigan Avenue. Kathleen chose the drive-through teller driveway that exited onto Michigan Avenue because she ultimately needed to go eastbound on Michigan Avenue. She could have used the other parking lot exit onto Michigan Avenue. Thus, Kathleen was not required to confront the alleged hazard under the circumstances. *Id*.

Because we conclude that plaintiff's claims sounded in premises liability rather than ordinary negligence, plaintiff's issues on appeal relating to duty as an element of a prima facie case of negligence and Chase Bank defendants' alternative arguments on appeal related to proximate cause and design defect need not be determined.

Affirmed.


/s/ Peter D. O'Connell
/s/ Deborah A. Servitto