*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUNE BARBER,

UNPUBLISHED
May 13, 2021

Plaintiff-Appellant,

v

No. 352970
Crawford Circuit Court
LC No. 19-010536-NI

QUICK-SAV FOOD STORES, LTD.,

Defendant-Appellee.

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) on the basis that a danger of the premises was open and obvious, and avoidable. We affirm.

Plaintiff stopped at defendant's gas-station and convenience store in Frederic, Michigan, for some refreshments, and she entered defendant's store by walking over a torn rug that covered some broken concrete at the store's entryway without incident. However, as she left defendant's store, plaintiff tripped on the torn rug and broke her left ankle. Plaintiff filed suit against defendant, asserting premises liability as the basis for her recovery.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the danger posed by the rug was open and obvious, and therefore, it was not liable for plaintiff's injuries. Plaintiff responded that the danger posed by the rug was effectively unavoidable because there was no alternative route to avoid the rug when leaving the store. The trial court granted defendant's motion for summary disposition because it found that plaintiff's factual circumstances were similar to the factual circumstances in *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012), that the rug posed an open and obvious danger, and that the narrow exception to the open and obvious danger doctrine, for effectively unavoidable dangers, did not apply because plaintiff had a choice, and was not required or compelled, to confront the danger. Plaintiff now appeals.

Plaintiff first argues that the trial court erred when it granted summary disposition because there are genuine issues of material fact as to whether the dangers presented by the torn rug and

the broken concrete were open and obvious. Next, plaintiff argues that, even assuming that the dangers were open and obvious, the danger was effectively unavoidable.

"This Court reviews de novo the grant or denial of summary disposition." *Hoffner*, 492 Mich at 459. "A motion made under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and when the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Id*. This Court reviews the record in the same manner as the trial court, "consider[ing] affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994).

MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact" and support its motion with documentary evidence. MCR 2.116(G)(3)(b), (4); see also *Maiden*, 461 Mich at 120. Then, "[w]here the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). In premises liability claims, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013).

Moreover, an owner "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, an owner "owes no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner*, 492 Mich at 460. A danger is open and obvious when "an average person of ordinary intelligence [would] discover the danger and the risk it presented on casual inspection." *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009). This is an objective test that considers "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was

hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). "The entire premise of the open and obvious danger doctrine requires that the hazard would be obvious upon casual inspection." *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 105; 604 NW2d 569 (2010) (quotation marks and citation omitted).

In this case, there is no genuine issue of material fact that plaintiff was an invitee to defendant's store because she admitted that she was going into the store to purchase a bag of potato chips and some pop. "[A] plaintiff will be granted invitee status only if the purpose for which she was invited onto the owner's property was directly tied to the owner's commercial business interest." *Sanders*, 303 Mich App at 5 (quotation marks and citation omitted). Therefore, defendant owed plaintiff a duty to exercise reasonable care to protect her from an unreasonable risk of harm caused by a dangerous condition on the land. See *Lugo*, 464 Mich at 516.

Plaintiff assumes that if the on-duty employee did not take any corrective action to repair the danger, then the on-duty employee did not see the danger and, therefore, the danger could not have been open and obvious. However, plaintiff's argument belies the fact that defendant has no duty to protect plaintiff from dangers that are open and obvious. See *Hoffner*, 492 Mich at 460. The mere fact that defendant's on-duty employee did not repair the danger is not dispositive of whether the danger was open and obvious. Plaintiff simply misses the mark by arguing that the employee had a duty to repair instead of arguing whether the danger was open and obvious. The simple fact that defendant's employee did not repair the danger caused by the rug is not dispositive to the underlying issue whether the rug presented an open and obvious danger.

Furthermore, plaintiff's own deposition testimony supports the conclusion that the danger was caused by the rug and that the danger from the rug was open and obvious. "It is well settled that a party may not create an issue of material fact merely by contradicting his or her own deposition testimony." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 714; 737 NW2d 179 (2007). Plaintiff stated that she was looking down toward the rug when she fell, and she was able to describe the danger when she stated that the rug "was broken up, torn up, very bad shape." Plaintiff also testified that there may have been snow and ice on the rug and the surrounding area. During her deposition, defendant asked plaintiff whether she had to walk across the rug to enter to the store. Plaintiff answered, "yes." Defendant then asked whether the rug was somehow different when she left the store. Plaintiff answered, "no."

Plaintiff provided sufficient detail to demonstrate that she was aware of the dangers presented by the rug. She could only have answered these questions in this manner if she was aware of the rug when entering the store, which shows that she was aware of the dangers upon her casual inspection before her injury. Plaintiff's own deposition testimony establishes that she either saw the danger that the rug presented by being torn, tattered, and covered in ice, or that she would have seen it had she been looking. Accordingly, an average person of ordinary intelligence would have foreseen the obvious danger that the rug presented upon a casual inspection. See *Watts*, 291 Mich App at 105; *Price*, 284 Mich App at 501; *Slaughter*, 281 Mich App at 479. Moreover, plaintiff's testimony demonstrates that the danger of the rug was open and obvious. Consequently, plaintiff did not raise a genuine issue of material fact that the rug was not open and obvious because plaintiff's asserting an argument contrary to her deposition testimony is not sufficient to create a genuine issue of material fact.

Additionally, plaintiff's testimony establishes that the rug was the primary cause of her injury and that the concrete, whether or not it was open and obvious, was not the cause of her injury. During her deposition, plaintiff was asked whether the concrete caused her to trip and she replied: "No. I think it was the rug." As a general rule, "a failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008) (quotation marks and citation omitted). After the trial court granted defendant's motion for summary disposition, plaintiff moved for leave to amend her complaint to include an argument that defendant had concealed the danger of the broken concrete with a rug. The trial court allowed plaintiff 30 days to amend her complaint and bring forth evidence to create a genuine issue of material fact that the broken concrete was the danger that caused the injury and that it was concealed. However, plaintiff did not submit any additional filings after the trial court's grant of defendant's motion for summary disposition. Therefore, plaintiff has waived any challenge to defendant's alleged intentional concealment of a danger.

Next, plaintiff argues that the placement of the rug outside the only entry and exit way was a special aspect of the premises conditions that made the danger effectively unavoidable and, therefore, unreasonably dangerous.

"[A]s a limited exception to the circumscribed duty owed for open and obvious hazards, liability may arise when special aspects of a condition make even an open and obvious risk unreasonable." *Hoffner*, 492 Mich at 461. The Michigan Supreme Court "has discussed two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 463. These "exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations." *Id*. at 472. An "unreasonably dangerous hazard must be just that—not just a dangerous hazard, but one that is *unreasonably* so. And it must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Id*. "It would, for example, be inappropriate to conclude in retrospective fashion that merely because a particular plaintiff, in fact, suffered harm or even severe harm, that the condition at issue in a case posed a uniquely high risk of severe harm." *Lugo*, 464 Mich at 616.

"An open and obvious hazard that is effectively unavoidable for the plaintiff is unreasonably dangerous and, thus, may give rise to liability." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 411; 864 NW2d 591 (2014). "Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome." *Hoffner*, 492 Mich at 468. "Accordingly, the standard for effective unavoidability is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 468-469.

In this case, plaintiff specifically argues that the trial court erred when it analogized her circumstances to the circumstances in *Hoffner*. In *Hoffner*, the plaintiff arrived at the gym where she was a member and observed that the sidewalk was icy at the entrance. *Id*. at 454-455. Even though the plaintiff saw the risk, she tried to enter the gym, slipped, and injured her back. *Id*. at 457. The *Hoffner* Court held that the icy sidewalk was not an effectively unavoidable danger because the plaintiff chose to try and enter the building despite observing the risk presented by the

icy sidewalk. *Id*. at 473. Plaintiff argues that she did not have the same luxury as the plaintiff in *Hoffner* because she did not observe the risk and elect to assume it. Instead, she was trapped in a convenience store with just one way to get out.

However, as discussed, plaintiff testified that she walked over the rug on her way into the store, and that the condition of the rug did not change by the time she was exiting the store. Much like the plaintiff in *Hoffner*, plaintiff had the choice to encounter the open and obvious condition. The fact that she did not injure herself until she was on her way out of the store, when she encountered the open and obvious condition a second time, does not mean that the danger was effectively unavoidable. Instead, plaintiff could have avoided the danger by choosing to not enter the store in the first place. Moreover, plaintiff cannot claim that the open and obvious danger was unavoidable when she placed herself in a position to walk across the danger after she had already done so once. Stated differently, plaintiff herself created the concept of an effectively unavoidable danger by entering the store in the first instance despite her recognition of the open and obvious danger presented by the rug.

Lastly, entering the store to buy refreshments was not a compelling or required reason that made the risk unavoidable. "In this case, the fact that plaintiff, a business invitee, had a contractual *right* to enter the premises does not mean that she was *unavoidably compelled* to confront" the rug. *Id*. at 456. The *Hoffner* Court explained that:

> Neither the caselaw of this state nor the principles underlying the well-established open and obvious doctrine support plaintiff's theory of an expanded business invitee exception to the open and obvious doctrine, whereby invitees frequenting a business open to the public had an unassailable right to sue in tort for injuries caused by open and obvious conditions. [*Id*. at 455.]

Therefore, reasonable minds could not differ that the dangerous open and obvious conditions of the rug were avoidable by plaintiff. Plaintiff failed to raise a genuine issue of material fact concerning whether the rug was effectively unavoidable because she testified that she chose to encounter the same open and obvious danger on her way into the store. The trial court properly granted defendant's motion for summary disposition.

Affirmed.

/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ Michelle M. Rick

-5-