SANDERS v PERFECTING CHURCH

Docket No. 308416. Submitted July 9, 2013, at Detroit. Decided July 16, 2013. Approved for publication October 24, 2013, at 9:00 a.m.

Brenda Sanders brought an action against Perfecting Church in the Wayne Circuit Court after she slipped and fell on motor oil in defendant's parking lot. Defendant moved for summary disposition. The court, Gershwin A. Drain, J., held that plaintiff was a licensee at the time that she was injured, but denied the motion for summary disposition, concluding that there was a question of fact regarding whether the oil was an open and obvious condition. Plaintiff moved for reconsideration of the court's determination that she was a licensee. The court denied plaintiff's motion with regard to whether she was a licensee, but further announced that it had reconsidered its earlier decision denying defendant's motion for summary disposition. On reconsideration, the court granted summary disposition in favor of defendant. Plaintiff appealed.

The Court of Appeals *held*:

In a premises liability action, a plaintiff must prove (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages. The duty owed to a visitor by a landowner depends on whether the visitor is a trespasser, licensee, or invitee at the time of injury. A plaintiff is entitled to invitee status only if the purpose for which he or she was invited onto the owner's property was directly tied to the owner's commercial business interests. Absent a showing that a church's invitation to attend its services was for an essential commercial purpose, a plaintiff should be considered a licensee and not an invitee. In this case, the trial court did not err by holding that there was no genuine issue of material fact that plaintiff was a licensee. The predominant or essential purpose for which defendant invited people to its premises was to hold religious services. Although meals could be purchased at the church after the service, members of the congregation were not required to purchase a meal and income generated from the sale of postservice meals was minimal. Because plaintiff was a licensee, defendant's duty was only to warn her of hidden, unreasonably dangerous conditions.

There was no record evidence that defendant knew or had reason to know of such a condition. The trial court properly granted summary disposition in favor of defendant.

Affirmed.

NEGLIGENCE — PREMISES LIABILITY — ATTENDANCE AT RELIGIOUS SERVICES — LICENSEE.

The duty owed to a visitor by a landowner depends on whether the visitor is a trespasser, licensee, or invitee at the time of injury; a plaintiff is entitled to invitee status only if the purpose for which he or she was invited onto the owner's property was directly tied to the owner's commercial business interests; absent a showing that a church's invitation to attend its services was for an essential commercial purpose, a plaintiff should be considered a licensee and not an invitee.

*Brenda Sanders, in propria persona.*

*Johnston, Sztykiel, Hunt, Goldstein & Fitzgibbons, PC* (by *Eric S. Goldstein*) for Perfecting Church.

Before: STEPHENS, P.J., and WILDER and OWENS, JJ.

WILDER, J. In this slip and fall case, plaintiff, Brenda Sanders, appeals as of right the trial court's order granting summary disposition in favor of defendant and denying her motion for reconsideration. Plaintiff also challenges the trial court's order denying her motion to amend her complaint and the order denying her motion to compel discovery.[1] We affirm.

I. BACKGROUND

On July 8, 2007, plaintiff slipped and fell on motor oil that was located in defendant church's parking lot. Plaintiff filed the instant action, alleging that she was an

---

[1] We note defendant's jurisdictional challenge with respect to the trial court's order denying plaintiff's motion to amend the complaint and the order denying plaintiff's motion to compel discovery. We find that it has no merit.

invitee at the time of the injury and that she was injured as a result of defendant's failure to inspect for and protect her from dangerous conditions on its property. Before the close of discovery, defendant moved for summary disposition. Defendant alleged that plaintiff was a licensee at the time she was injured and that, even if she was an invitee, it did not owe her a duty pursuant to the open and obvious danger doctrine. After the hearing, the trial court found that there was a question of fact regarding whether the oil was an open and obvious condition and denied defendant's motion for summary disposition. The trial court further found, as a matter of law, that plaintiff was a licensee at the time that she was injured. Plaintiff moved the trial court to reconsider its decision and requested that she be able to submit the question of her status as an invitee or licensee to the jury. After a hearing, the trial court denied plaintiff's motion and announced sua sponte that it had reconsidered its prior denial of summary disposition and granted dismissal in favor of defendant because it concluded that plaintiff was a licensee.

## II. ANALYSIS

### A. SUMMARY DISPOSITION

Plaintiff first argues that the trial court erred by granting summary disposition in favor of defendant because there was a material question of fact with regard to her status as an invitee at the time that she was injured. We disagree.

A trial court's determination regarding a motion for summary disposition is reviewed de novo. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). Although the trial court did not identify the subrule under which it granted summary disposition, it is apparent that the motion was granted under MCR 2.116(C)(10) because

the trial court considered documentary evidence beyond the parties' pleadings. *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304 n 3; 788 NW2d 679 (2010). In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), this Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Smith*, 460 Mich at 454 (quotation marks and citations omitted). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue with respect to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.*

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury. *Hoffner v Lanctoe*, 492 Mich 450, 460 n 8; 821 NW2d 88 (2012).

A "trespasser" is a person who enters upon another's land, without the landowner's consent. The landowner owes no duty to the trespasser except to refrain from injuring him by "willful and wanton" misconduct.

A "licensee" is a person who is privileged to enter the land of another by virtue of the possessor's consent. A

landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved. The landowner owes no duty of inspection or affirmative care to make the premises safe for the licensee's visit. . . .

The final category is invitees. An "invitee" is "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law. [*Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000) (citations omitted) (alterations in original).]

In the present case, there is no dispute that plaintiff was not a trespasser; thus, the question is whether she was a licensee or an invitee. In *Stitt*, our Supreme Court held that a plaintiff will be granted invitee status only if the purpose for which she was invited onto the owner's property was "directly tied to the owner's commercial business interests." *Id.* at 603-604. "Absent a showing that the church's invitation to attend its services was for an *essential* commercial purpose, [a plaintiff] should be considered a licensee and not an invitee. A person who attends church as a guest enjoys the 'unrecompensed hospitality' provided by the church in the same way that a person entering the home of a friend would." *Id.* at 606 (emphasis added).

While it is undisputed that plaintiff intended to attend Sunday church service on defendant's property

on the day that she was injured, she later asserted in an affidavit that she also was going to purchase a meal at defendant's café after the service. Related to the café, defendant's business manager, Cynthia Williams, stated in an affidavit that the meals are available for purchase "by those who attended services at a minimal cost." She further averred that "there are no and/or minimal proceeds from the sale of these meals over and above the cost of their preparation" and that if there are any proceeds, they are placed into the church's general fund "as an additional form of minimal contribution."

After reviewing the evidence in the light most favorable to plaintiff, we agree with the trial court that a reasonable juror could not have concluded that defendant invited people, including plaintiff, to its premises on July 8, 2007, for an "essential commercial purpose." The predominant or essential purpose for which defendant invited people to its premises was to hold religious services; the congregation was not required to stay and purchase any meals after the religious service, and any income generated from the sale of the postservice meals was "minimal." The trial court did not err by holding that there was no genuine issue of material fact that plaintiff was a licensee. Because defendant's primary purpose in having people attend its premises was for religious services, any "commercial" aspect was purely ancillary to the main religious purpose and minimal in scope.

Plaintiff's contention, that because she had spent money at the church on previous occasions she was an invitee on the day of the accident, was an argument specifically rejected by the *Stitt* Court when it held that a plaintiff's prior financial dealings with a church have "no bearing" on her status at the time of the accident. *Id.* at 605-606. Again, the primary consideration in determining a visitor's status at the time of the accident

is "the owner's reason for inviting persons onto the premises." *Id.* at 604.

We further note that this case is distinguishable from other cases the *Stitt* Court analyzed, which all held that the respective church visitors were invitees. These other cases have held that invitee status was warranted when the visitor was on the church premises for a commercial business purpose. *Id.* at 601. In *Bruce v Central Methodist Episcopal Church*, 147 Mich 230; 110 NW 951 (1907), the defendant church was held liable after the plaintiff was injured while painting the church building. "'The plaintiff was working for a contractor, painting the ceiling of the church when the scaffolding [or stage] on which he was standing broke."[2] *Stitt*, 462 Mich at 601. In another case, the defendant church was held liable after the plaintiff was injured when she was leaving a bingo game that was held on the defendant's property. *Manning v Bishop of Marquette*, 345 Mich 130, 138-139; 76 NW2d 75 (1956). Notably, the bingo game was held on a Tuesday night, when no other religious services were taking place. *Id.* at 132. Lastly, in *Kendozorek v Guardian Angel Catholic Parish*, 178 Mich App 562, 564, 568; 444 NW2d 213 (1989), rev'd on other grounds *Orel v Uni-Rak Sales Co*, 454 Mich 564 (1997), a plaintiff who was injured at a carnival held on the church grounds was afforded invitee status because this Court found that the "purpose of the carnival rides was to attract people to come and spend money for the benefit of [the] defendant church."[3] In sum, all these cases are distinguishable because none involves the plaintiff's participation in the religious services of the

---

[2] The *Bruce* Court explained that it was a "scaffolding or stage" that the defendant had erected "for the use of employés of defendant and others engaged in the work of erecting the church" that the plaintiff was using when it failed. *Bruce*, 147 Mich at 233.

[3] To be clear, the carnival was part of the defendant's "Applefest" fundraising venture it held every year. *Kendzorek*, 178 Mich App at 564.

church. In the present case, defendant's primary purpose in inviting people to its premises was for conducting religious services.

Therefore, because plaintiff was a licensee, defendant had no duty to warn plaintiff unless it knew of a hidden, unreasonably dangerous condition. *Stitt*, 462 Mich at 596. In this case, there is no evidence on the record that defendant knew or had reason to know of any such condition. Further, a landowner has no duty to inspect the premises to make it safe for a licensee's visit. *Id*. Accordingly, the trial court properly granted summary disposition in favor of defendant.

### B. MOTION FOR RECONSIDERATION

Plaintiff next argues that the trial court improperly determined as a matter of law that she was a licensee at the time of her injury and therefore erred by denying her motion seeking reconsideration of her status. We review a trial court's decision regarding a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgt*, 277 Mich App 622, 629-630; 750 NW2d 228 (2008). Generally, in a premises liability action, if there is evidence from which a plaintiff's invitee status might be inferred, then the question of duty is one for the jury. *Stitt*, 462 Mich at 595. However, because we have already determined that a reasonable juror could not have concluded that defendant invited people onto its premises on July 8, 2007, for an "essential commercial purpose," we conclude that the trial court did not abuse its discretion by denying plaintiff's motion.

### C. MOTION TO AMEND COMPLAINT

Next, plaintiff argues that the trial court improperly denied her motion to amend the complaint. We review a

trial court's decision regarding a plaintiff's motion to amend the pleadings for an abuse of discretion. *Wormsbacher v Seaver Title Co*, 284 Mich App 1, 8; 772 NW2d 827 (2009).

After plaintiff fell in defendant's parking lot, she was brought to defendant's security office to see its on-site nurse, Carol Russell. Russell examined plaintiff and instructed her to put ice on her wrist and arm. Russell also created an incident report to document that plaintiff was injured on defendant's property. Plaintiff discovered two days later that her arm and wrist were fractured as a result of her fall. After Russell's deposition, plaintiff sought to amend her complaint to include additional claims of practicing medicine without authorization or a medical license, medical malpractice, and violation of the Health Insurance Portability and Accountability Act (HIPAA), PL 104-191; 110 Stat 1936 *et seq*. See 42 USC 1320d *et seq*. The trial court denied her motion.

A trial court should freely grant leave to amend a complaint when justice so requires. MCR 2.118(A)(2). Ordinarily, a motion to amend a complaint should be granted unless the amendment would be futile. *Lane v KinderCare Learning Ctrs, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998). The filing of the original complaint will toll the running of the period of limitations pertaining to the claims reflected in the amended complaint, *Doyle v Hutzel Hosp*, 241 Mich App 206, 219-220; 615 NW2d 759 (2000), if it is found that the amended pleading relates back to the conduct, transaction, or occurrence set forth in the original pleading, MCR 2.118(D).

The period of limitations for a medical malpractice action is ordinarily two years, MCL 600.5805(6), from "the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the

plaintiff discovers or otherwise has knowledge of the claim," MCL 600.5838a(1). In this case, the alleged malpractice occurred on July 8, 2007. Plaintiff filed her original complaint on July 7, 2010, which was one year after the two-year period of limitations had run. MCL 600.5805(6); MCL 600.5838a(1). Accordingly, the trial court did not abuse its discretion by denying plaintiff's motion because permitting plaintiff to amend the complaint to include the expired medical malpractice claim would have been futile. See *Lane*, 231 Mich App at 697. Because plaintiff's malpractice claim was clearly barred by the statute of limitations at the time the initial complaint was filed, we need not consider whether the medical malpractice claim related back to the original pleading.

Plaintiff also asserts that the trial court abused its discretion by denying her motion to amend the complaint to include claims of unauthorized practice of medicine and violation of HIPAA. However, plaintiff has not explained or rationalized these arguments. Nor has she cited any authority to support the assertion that she had a viable cause of action under either of these claims. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [she] give issues cursory treatment with little or no citation of supporting authority." *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). Therefore, these arguments are abandoned, *id*. at 339-340, and we affirm the trial court's denial of plaintiff's motion to amend the complaint.

### D. MOTION TO COMPEL DISCOVERY

Finally, plaintiff argues that the trial court improperly denied her motion to compel discovery. In light of our determination that plaintiff was a licensee as a

matter of law, plaintiff's motion to compel discovery was moot. As such, we decline to address it. See *Attorney General v Pub Serv Comm'n*, 269 Mich App 473, 485; 713 NW2d 290 (2006).

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

STEPHENS, P.J., and OWENS, J., concurred with WILDER, J.