*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK A. COULTER,

Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellant.

UNPUBLISHED
August 13, 2019

No.  343868
Washtenaw Circuit Court
LC No.  17-000660-NF

Before:  O'BRIEN, P.J., and FORT HOOD and CAMERON, JJ.

PER CURIAM.

In this action for recovery of personal protection insurance (PIP) benefits payable under the no-fault insurance act, MCL 500.3101 *et seq.*, defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition against plaintiff.  We reverse.

The following facts are uncontested.  Plaintiff is a retired physician's assistant that volunteered on a weekly basis with Associated Charities of Lenawee County.  On December 14, 2016, plaintiff was volunteering with Associated Charities of Lenawee County and was tasked— along with another volunteer, Ybarra—to use the charity's box truck to pick up a pallet of donated canned goods from a Walmart in Adrian, Michigan.  When plaintiff and Ybarra arrived at the Walmart, they were directed to a loading dock.  At the loading dock, plaintiff was injured after an employee inadvertently closed a garage door on plaintiff's head.  At his deposition, plaintiff described the event as follows:

> *Q.*  And what happened once you drove around to the back, to the loading docks?

---

[1] This Court previously denied defendant's application for leave to appeal, *Coulter v Auto Club Ins Ass'n*, unpublished order of the Court of Appeals, entered June 27, 2018 (Docket No. 343868), but our Supreme Court remanded this case back to this Court as on leave granted, *Coulter v Auto Club Ins Ass'n*, 503 Mich 853, 853 (2018).

-1-

*A*. [Ybarra] backed the truck up to the loading dock door, whatever. I got out of the truck, and I went into—went over and knocked on the door—not the loading door, but they have an entry door. And somebody came to the door, and I told them we were there to pick up a pallet of canned goods for Associated Charities, and so she said, "Come in." I entered the building, and the pallet was there with the canned goods. And they were in the process of shrink wrapping it, so I had to wait for that. Then the person who was handling the dock actually said, "Come on over here to the loading dock." I said we were at the second bay. So, I went to the second bay, and she opened the garage door. Okay?

*Q*. Okay.

*A*. And our truck was there. And she was playing with some remote control thing to try to lower this ramp that's supposed to go to the truck.

*Q*. Okay.

*A*. And she said, "This isn't working." And she kept pressing the buttons and pressing the buttons. She said, "it's not working. It's frozen or something." And she said, "You'll have to tell him to back up." So, I stepped forward to yell out to [Ybarra] in the truck to back up, and as I stepped forward she turned the other way, pulled the cord for the door, and the door hit me on the top of the head.

Plaintiff sought PIP benefits from defendant—who insured plaintiff—for his resulting injury. After defendant refused to pay, plaintiff filed the complaint that led to this appeal.

Defendant moved for summary disposition under MCR 2.116(C)(10), contending, among other things, that plaintiff was not entitled to PIP benefits under the no-fault act because his injury did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. The trial court disagreed and dismissed defendant's motion.

A trial court's decision on a motion for summary disposition is reviewed de novo. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). Likewise, "[w]e review de novo, as a question of law, the proper interpretation and application of the no-fault act." *Southeast Mich Surgical Hosp, LLC v Allstate Ins Co*, 316 Mich App 657, 660-661; 892 NW2d 434 (2016).

Summary disposition under MCR 2.116(C)(10) is appropriate where, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) "tests the *factual* sufficiency of the complaint." *Dalley v Dykema Gossett*, 287 Mich App 296, 304 n 3; 788 NW2d 679 (2010). In reviewing the motion, "this Court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted).

Under the no-fault act, a no-fault automobile insurer must provide PIP benefits for certain injuries related to a motor vehicle. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). The initial scope of coverage for PIP benefits is set forth in MCL 500.3105(1). *Id*. That statute provides:

> Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter. [MCL 500.3105(1).]

In *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986), our Supreme Court held that in drafting MCL 500.3105(1), the Legislature intended "to provide coverage only where the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.' " The *Thornton* Court concluded that "[w]ithout a relation that is more than 'but for,' incidental, or fortuitous, there can be no recovery of PIP benefits." *Id*. at 660.[2]

In *Morosini v Citizens Ins Co*, 461 Mich 303, 305; 602 NW2d 828 (1999), the plaintiff, while driving a motor vehicle, was rear ended. The plaintiff got out of his vehicle and, while inspecting the vehicle for possible damage, was assaulted by the driver of the other vehicle. *Id*. The Supreme Court held that the plaintiff was not entitled to PIP benefits, explaining:

> In the mind of the second motorist, the assault may have been *motivated* by closely antecedent events that involved the use of a motor vehicle as a motor vehicle, but the assault itself was a separate occurrence. The plaintiff was not injured in a traffic accident—he was injured by another person's rash and excessive response to these events. The assault in this case was not "closely related to the transportational function of motor vehicles." [*Id*. at 310-311, quoting *McKenzie*, 458 Mich at 226.]

---

[2] In *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 222 n 8; 580 NW2d 424 (1998), our Supreme Court explained:

> *Thornton* . . . focused on causation. We note that it is analytically helpful to consider "causation" separately from the question whether a motor vehicle is being used as a motor vehicle . . . . However, what constitutes use of a motor vehicle "as a motor vehicle" also figures in a causation analysis, i.e., whether an injury's relation to the use of a motor vehicle as a motor vehicle is more than " 'but for,' incidental, and fortuitous."

We need not decide whether the box truck here was being used as a motor vehicle at the time of plaintiff's injury. Assuming that the box truck *was* being used as a motor vehicle at the time of plaintiff's injury, we conclude—as will be explained—that here was not a sufficient causal connection between plaintiff's injury and the use of the box truck as a motor vehicle.

Similarly, this Court held in *Mueller v Auto Club Ins Ass'n*, 203 Mich App 86, 90-91; 512 NW2d 46 (1993), that an injury was not more than but for, incidental, or fortuitous when an occupant of a pickup truck was struck by a stray bullet during firearm deer hunting season.

We conclude that, like in *Mueller* and *Morosini*, the causal connection between plaintiff's injury and the use of the box truck as a motor vehicle was not more than incidental, fortuitous, or but for. Plaintiff was not involved in a motor vehicle accident; he was not injured while physically loading or unloading the box truck; nor was he injured by any item that was being transported by the box truck. Cf *Walega v Walega*, 312 Mich App 259, 268; 877 NW2d 910 (2015) (holding that the requisite nexus between the plaintiff's injury and the transportational function of the motor vehicle was met where a safe, being transported by the vehicle, fell on the plaintiff's leg); *Drake v Citizens Ins Co*, 270 Mich App 22, 26; 715 NW2d 387 (2006) (holding that the plaintiff's injury, sustained while he was helping the delivery truck's driver unclog the truck's auger system so that the feed delivered by the truck could be dropped into a silo, was closely related to the vehicle's transportational purposes). Rather, plaintiff was injured when a Walmart employee pulled the cord for the garage door and the garage door hit his head. Thus, like the bullet in *Mueller* or the other driver in *Morosini*, the garage door was a force independent of the box truck and its transportational function.[3] That the box truck was being used as a motor vehicle at the time of plaintiff's injury was not more than incidental, fortuitous, or but for.

For these reasons, we conclude that the trial court erred by denying defendant's motion for summary disposition.

Reversed and remanded for the trial court to enter an order granting defendant's motion for summary disposition. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[3] We find *Mueller* particularly persuasive given the facts of this case. The plaintiff in that case was driving his truck when he was struck by the stray bullet. *Mueller*, 203 Mich App at 87. Though the truck was clearly being used as a motor vehicle, the *Mueller* Court nonetheless concluded that the "[p]laintiff was simply in the wrong place at the wrong time, although he had arrived at that place and time in a motor vehicle." *Id*. at 91.

Likewise, here, even though plaintiff arrived at the place and time of his injury because he was attempting to guide the box truck, he was simply in the wrong place at the wrong time. His injury was the result of the negligence of the Walmart employee, not the use of the box truck as a motor vehicle. See also *Morosini*, 461 Mich at 311 n 8 (noting that the plaintiff's "injuries were not caused by a force closely related to the transportational function of motor vehicles, but rather by a physical attack on his person") (quotation marks and citation omitted).