*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN TOMA KINAYA,

        Plaintiff-Appellee,

v

HANOVER INSURANCE COMPANY and
MASSACHUSETTS BAY INSURANCE
COMPANY,

        Defendants-Appellants.

UNPUBLISHED
November 17, 2022

No. 358879
Wayne Circuit Court
LC No. 20-014410-CK

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

In this insurance coverage dispute, defendants, Hanover Insurance Company (Hanover) and Massachusetts Bay Insurance Company (Massachusetts Bay), appeal as of right the trial court's order granting entry of judgment in favor of plaintiff, John Toma Kinaya, and challenge the trial court's earlier order granting plaintiff's motion for summary disposition. We reverse and remand.

## I. BACKGROUND

Plaintiff, an employee of Indian Village Market, was arrested for assault of a customer. The customer went to Indian Village Market and saw the cereal box he planned on purchasing was stuck to another box by mold caused by water that was leaking into the store. The customer complained to plaintiff and threatened to call the health department. When the customer started to film the interaction with plaintiff, plaintiff walked out from behind the enclosed counter area. Plaintiff testified that as he came to the door, the customer came charging toward plaintiff's face with his phone, and that he was afraid and did not know if the customer would hit him. Plaintiff further testified that he then "flipped" the customer's phone out of the customer's hand, only touching the phone when he slapped it out of the customer's hand and that he did not make any contact with the customer's hand. However, the customer claimed that plaintiff threatened him

-1-

and caused injury to his hand during the interaction. The customer subsequently filed a complaint against Indian Village Market and plaintiff for assault and negligence.[1]

Indian Village Market had two insurance policies that are at issue in this appeal. First, a policy by Massachusetts Bay, a wholly owned subsidiary of Hanover Insurance Company. The relevant portions of the Massachusetts Bay policy are as follows:

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

* * *

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period . . . .

The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy does not include a definition of "accident." The Massachusetts Bay policy also contains an exclusion providing the policy does not apply to "Expected or Intended Injury," which is defined as: " 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured." Additionally, this bodily injury "exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property."

The second policy is an umbrella insurance policy by Citizens Insurance Company of America (Citizens), which included similar policy provisions as the Massachusetts Bay policy:

1. Coverage A—Follow Form Excess Liability Insuring Agreement

a. We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:

---

[1] *Paulson v Kinaya, et al*., Wayne Circuit Court Case No. 19-011250-NO.

(1)  Such damages are covered by "underlying insurance";

* * *

b.  We will not pay damages that the "underlying insurance" does not pay for any reason other than exhaustion of limits of the "underlying insurance" by payment of judgments, settlements, related costs or expenses.

c.  The terms and conditions of the "underlying insurance" in effect at the inception of this policy apply unless they are inconsistent with the terms and conditions of this policy.

* * *

2.  Coverage B—Umbrella Liability Insuring Agreement

a.  We will pay on behalf of the insured those sums in excess of the "retained limit" shown in the Declarations which the insured because legally obligated to pay as damages because of "bodily injury", "property damage", and "advertising injury" to which this coverage applies, provided:

(1)  The:

(a)  "Bodily injury" or "property damage" is caused by an "occurrence"[.]

The Citizens policy also defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

Plaintiff moved for summary disposition under MCR 2.116(C)(8) and (C)(10), and for declaratory judgment under MCR 2.605, asserting: (1) that coverage exists for plaintiff under both insurance policies, (2) that defendants have a duty to defend and indemnify plaintiff, and (3) defendants jointly and severally are responsible for plaintiff's attorney fees in defense of the underlying case.  Plaintiff argued the underlying incident was an "occurrence" under the terms of the policies because the incident fit within the definition of an accident under Michigan caselaw.  Alternatively, plaintiff argued he used reasonable force, which was appropriate under the policy.  Defendants responded, arguing they were entitled to summary disposition under MCR 2.116(I)(2), and had no duty to defend plaintiff because plaintiff's deliberate act of slapping the phone out of the customer's hand did not amount to an "accident" under the policies.

Without holding a hearing, the trial court granted plaintiff's motion for summary disposition.  It wrote on a praecipe order that "coverage exists under both policies—reasonable force was used."  The trial court offered no analysis nor made any specific findings to support its determination.  Defendants' subsequent motion for reconsideration was denied by the trial court.  Later, plaintiff moved for entry of judgment because defendants continued to deny coverage to plaintiff.  The trial court granted plaintiff's motion for entry of judgment, and his appeal followed.  On appeal, defendants argue the trial court erred when it granted summary disposition by determining plaintiff was covered under both insurance policies on the basis that reasonable force

-3-

was used by plaintiff because the trial court did not first determine the assault was an "occurrence" under the policies.

## II. STANDARD OF REVIEW

This Court reviews de novo orders granting or denying summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). An order denying reconsideration is reviewed for an abuse of discretion. *K & W Wholesale, LLC v Dep't of Treasury*, 318 Mich App 605, 611; 899 NW2d 432 (2017). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Maiden*, 461 Mich at 119. On the other hand, "[a] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Id*. at 120. This Court considers "affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion" in its review under MCR 2.116(C)(10).[2] *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). Under MCR 2.116(C)(10), summary disposition is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

## III. LAW AND ANALYSIS

Defendants argue the trial court erred when it granted summary disposition in favor of plaintiff, determining plaintiff was covered under the insurance policies, because plaintiff's actions cannot be considered an "occurrence" under the definition in the policies. We agree.

This question requires this Court to consider whether defendants had a duty to defend plaintiff under the insurance policies. An insurer's duty to defend arises when the insurance policy is applicable. *American Bumper & Mfg Co v Hartford Fire Ins Co*, 452 Mich 440, 450; 550 NW2d 475 (1996). "If the policy does not apply, there is no duty to defend." *Id*. However, an insurer's duty to defend is broad. *Id*. "If the allegations of a third party against the policyholder even arguably come within the policy coverage, the insurer must provide a defense." *Id*. at 450-451. This is true even if "the claim may be groundless or frivolous." *Id*. at 451.

This question also requires us to consider the meaning of the term "accident" as it relates to an insurance policy. "An insurance policy is an agreement between parties that a court interprets much the same as any other contract to best effectuate the intent of the parties and the clear, unambiguous language of the policy." *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 381; 565 NW2d 839 (1997) (quotation marks and citation omitted). To do so, a court "looks to the contract as a whole and gives meaning to all its terms." *Id*.

---

[2] Although plaintiff moved for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10), the trial court relied on documents beyond the pleadings. Therefore, "we construe the motion as having been granted pursuant to MCR 2.116(C)(10)." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

Interpretation of an insurance policy ultimately requires a two-step inquiry: first, a determination of coverage according to the general insurance agreement and, second, a decision regarding whether an exclusion applies to negate coverage. This Court has held that an insurance policy provision is valid as long as it is clear, unambiguous and not in contravention of public policy. [*Id*. at 382 (quotation marks and citations omitted).]

Defendants essentially argue the trial court skipped the first step articulated in *Harrington*, and determined the reasonable force provision in the contract applied to plaintiff without first determining the threshold issue whether plaintiff was covered under the policies. The insurance policy applied *only if* the "bodily injury" was caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Therefore, this Court must determine whether the incident constituted an "occurrence" such that the policy took effect.

As defendants point out, our Supreme Court has held the term "accident" should be defined according to its ordinary meaning. See e.g., *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 113-114; 595 NW2d 832 (1999) ("When the meaning of a term is not obvious from the policy language, the 'commonly used meaning' controls.") (citations omitted). "Accident" is not defined by the insurance policy in the instant case. In *Allstate Ins Co v McCarn*, 466 Mich 277, 281; 645 NW2d 20 (2002), our Supreme Court interpreted a similar policy, which defined an occurrence as an accident, but did not define what was considered an accident. In cases where the term "accident" has not been defined, our Supreme Court has repeatedly stated that "an accident is an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated and not naturally to be expected." *Id*. (quotation marks and citations omitted). Additionally, accidents are "evaluated from the standpoint of the insured, not the injured party." *Id*. at 282.

The policies in the instant case also provide an exclusion that no coverage exists for bodily injury expected or intended by the insured. "[T]his Court has repeatedly held that the 'intended or expected' language that is used in the policy exclusion is 'clear and unambiguous' as applied to a variety of similar factual contexts." *Harrington*, 455 Mich at 383 (citation omitted). However, the insured's actions do not need to be unintentional in order for an act to "constitute an 'accident' and therefore an 'occurrence.'" *Masters*, 460 Mich at 115 (citation omitted). "[W]hen an insured's intentional actions create a direct risk of harm, there can be no liability coverage for *any* resulting damage or injury, despite the lack of an actual intent to damage or injure." *Id*. at 116 (quotation marks and citation omitted).

What this essentially boils down to is that, if both the act and the consequences were intended by the insured, the act does not constitute an accident. On the other hand, if the act was intended by the insured, but the consequences were not, the act does constitute an accident, unless the intended act created a direct risk of harm from which the consequences should reasonably have been expected by the insured. [*McCarn*, 466 Mich at 282-283.]

Considering the incident from the standpoint of plaintiff as the insured, the incident was not accidental, even though the consequences of the customer's injury may not have been

-5-

intentional. Plaintiff testified he did not intend to harm the customer, but only intended to knock the phone out of the customer's hand to prevent him from filming the encounter and because plaintiff did not want a video to reflect poorly on the store or its reputation.

The recorded video of the incident clearly shows that plaintiff intended his actions and that plaintiff should have reasonably expected the direct risk of harm resulting from the consequences of his actions. Plaintiff asserts that he acted in self-defense and was "unexpectedly required to defend himself" because the customer put the phone near his face and he feared that the phone would make contact with his face. However, the video shows that plaintiff first approached the customer. It does not show that the customer put the phone "in plaintiff's face" before plaintiff knocked the phone out of the customer's hand in the first instance. Additionally, after plaintiff intentionally knocked the customer's phone out of his hands the first time, plaintiff appeared to grab the phone a second time.

The trial court did not undertake any analysis to resolve the motion for summary disposition. The trial court did not conduct a proper analysis by first finding the incident fit within the definition of an "occurrence" under the policies because the plain language of the policies require bodily injury to arise from an occurrence to provide coverage. While we appreciate the weight of a trial court docket, the short hand comments on a praecipe order were insufficient to conduct a proper analysis. But for this Court's ability to review the video at issue, we likely would have remanded the matter for the trial court to conduct a proper analysis. Our review alleviates the need for that here. The trial court's order was clearly erroneous. Further, because plaintiff's actions do not fit within our Supreme Court's definition of "accident," the trial court erred in determining plaintiff was covered under the insurance policies.

Reversed and remanded. We do not retain jurisdiction. Defendants may assess costs as prevailing parties.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett