*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD WHIGHAM,

        Plaintiff-Appellant,

and

CITIZEN PHARMACY, ZMC PHARMACY LLC,
and PIONEER LAB HOUSTON, LP,

        Intervening Plaintiffs,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

        Defendant-Appellee,

and

JAMES WILLIAMS, JR.,

        Defendant.

UNPUBLISHED
June 23, 2025
11:06 AM

No. 367404
Wayne Circuit Court
LC No. 21-017688-NI

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

In this action for first-party personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiff, Ronald Whigham, appeals by right the trial court's order granting, on reconsideration, summary disposition under MCR 2.116(C)(10) in favor of defendant, Farm Bureau Mutual Insurance Company of Michigan. We affirm.

## I. BACKGROUND

On August 5, 2021, plaintiff was operating a motorized scooter when he was struck by a motor vehicle owned and operated by defendant, James Williams Jr. Plaintiff sustained injuries in the accident. At the time of the accident, plaintiff did not own a motor vehicle, did not maintain

-1-

a no-fault insurance policy, and there were no applicable no-fault policies in his household. Plaintiff applied with the Michigan Automobile Insurance Placement Facility (MAIPF) for PIP benefits under the Michigan Assigned Claims Plan (MACP). Plaintiff's claim was assigned to Farm Bureau.

In addition to medical benefits, plaintiff claimed reimbursement for household services provided by Kim Readus from August 1, 2021 (four days before the accident) to December 31, 2021. Plaintiff submitted a "household services statement" form for each month asserting that Readus performed various tasks, including vacuuming, sweeping, mopping, dusting, window washing, laundry, making beds, ironing, dishwashing, cleaning the bathroom, taking out garbage, grocery shopping, preparing meals, and running errands. Each monthly statement was purportedly signed by plaintiff and Readus.

In addition to claiming household services were performed on the four days before the accident, the household services statements reflected that Readus performed services while plaintiff was hospitalized from September 19, 2021 to September 21, 2021 and again from October 31, 2021 to November 2, 2021. The November household services statement also claimed that Readus took out the trash 15 times that month. But plaintiff's medical records reflect that plaintiff fell in November 2021 while he was taking out the trash.

Plaintiff commenced this action asserting that Farm Bureau had unreasonably refused to pay PIP benefits.[1] Specifically, plaintiff claimed he was entitled to PIP benefits for medical expenses and household services. Plaintiff testified in his deposition that he tracked the household services that Readus performed. Plaintiff stated that he filled out the household services statements on a daily basis and sent the completed forms to his attorney. Plaintiff maintained that he verbally promised to pay Readus $20 per day for helping him. Plaintiff initially testified that Readus began providing services on the accident date. He later testified that he was hospitalized for a few days following the accident and Readus did not begin helping him until August 21, 2021. Plaintiff admitted that the August statement was incorrect regarding the date Readus began helping him. Plaintiff testified that Readus had been providing daily services to plaintiff's wife, Veronica Richardson, before the accident. Plaintiff admitted that Readus was performing the same daily services for Richardson before the accident as he did after the accident, including cleaning and grocery shopping. Although plaintiff claimed on the household services statements that Readus washed the windows and mopped, plaintiff admitted that Readus did not wash the windows. Plaintiff also testified that Readus took out the trash every other day. Plaintiff initially admitted that he suffered a rib injury when he fell in November 2021 while taking out the trash. He later claimed he could not recall how he injured his rib.

Readus testified in his deposition that he had been providing home healthcare through the Michigan Department of Health and Human Services (DHHS) for approximately 10 years. He works about 32 hours weekly, doing whatever the client needs, including mopping, cleaning, cooking, washing, and shopping. He received his clients through DHHS. Approximately two

---

[1] Plaintiff also alleged negligence against Williams. Plaintiff's medical providers moved to intervene, and the court granted their motions.

years before his deposition , DHHS assigned him to Richardson, whom he had known for decades. At the time of the deposition, he had three clients, Richardson and two others.

Readus testified that he washed clothes, cleaned, and cooked meals daily for Richardson. He stated that the services he provided to Richardson did not change after the August 2021 accident. Although plaintiff testified that Readus vacuumed the home daily, Readus denied that he vacuumed, explaining that the home had wood floors. Readus also denied ironing. Readus stated that he had not been assigned to help plaintiff. Similarly, he denied that he had completed services calendars or forms for plaintiff. Readus testified that plaintiff verbally promised to pay him, but did not specify an amount. Readus stated that he was paid for helping Richardson, only.

Following discovery, Farm Bureau moved for partial summary disposition under MCR 2.116(C)(10) regarding plaintiff's claim for household replacement services. Farm Bureau argued that plaintiff was not entitled to household services benefits because Readus was already providing services to Richardson before the accident and the services did not change after the accident. Farm Bureau further asserted that plaintiff claimed payment for services that Readus testified that he never performed and for dates that plaintiff was hospitalized. In response, plaintiff asserted that there was no evidence that he knowingly made a false statement.

The trial court granted the motion holding in relevant part:

> IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Disposition is granted for the reasons that Plaintiff made numerous false and misrepresentative statements in connection with his replacement services claim and the replacement services were not incurred.

> IT IS FURTHER ORDERED that Plaintiff's claims for replacement services, attendant care and work loss are hereby dismissed with prejudice.

At the trial court's request, Farm Bureau moved for summary disposition on the remaining claims under MCR 2.116(C)(10). Farm Bureau asserted that plaintiff's false statements regarding his household services claim warranted dismissal under MCL 500.3173a(4). Plaintiff responded that Farm Bureau had not established that plaintiff made willful misrepresentations. The trial court denied the motion.

Farm Bureau moved for reconsideration under MCR 2.119(F), arguing that the trial court palpably erred by denying Farm Bureau's motion given that the trial court previously held as a matter of law that plaintiff made material misrepresentations regarding his household services claim. The trial court granted Farm Bureau's motion for reconsideration and granted summary disposition in favor of Farm Bureau, holding as a matter of law that "Plaintiff made false statements and material misrepresentations in support of his claim." The trial court dismissed with

prejudice "any and all of Plaintiff and Intervening Plaintiffs' claims against any and all parties in this matter . . . ."[2] This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a court must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up).

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013). A trial court abuses its discretion when its decision falls outside the range of principled outcomes, or when it "premises its exercise of discretion on an error of law." *Int'l Outdoor, Inc v SS Mitx, LLC*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 359082); slip op at 3-4. Notably, this Court has ruled that, in the context of a motion for reconsideration, the trial court "has the discretion to give a litigant a 'second chance' even if the motion for reconsideration presents nothing new." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). See also, *Fashho v Liberty Mut Ins Co*, 333 Mich App 612, 622 n 3; 963 NW2d 695 (2020) (ruling that the trial court did not err in granting a motion for reconsideration where the defendant repeated the arguments asserted in the original motion).

"We review de novo questions of statutory interpretation . . . ." *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024).

## III. ANALYSIS

Plaintiff argues that there are genuine issues of material fact whether plaintiff made false and material misrepresentations in support of his household services claims and thus the trial court erred by granting summary disposition to Farm Bureau. We disagree.

The no-fault act specifies that claims submitted to the MAIPF may be ineligible for benefits if supported by a "fraudulent insurance act":

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF] for payment or another benefit knowing that the statement

---

[2] Because the dismissal adjudicated all the claims of all the parties, the order meets the definition of a final order under MCR 7.202(6)(a)(i). Accordingly, we reject Farm Bureau's argument that we do not have jurisdiction over this claim of appeal by right.

contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or [PIP] benefits under the assigned claims plan. [MCL 500.3173a(4).]

In *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017), this Court explained that a person commits a fraudulent insurance act under MCL 500.3173a when he or she

> (1) presents or causes to be presented an oral or written statement, (2) which is part of or in support of a claim for no-fault benefits, (3) where the claim for benefits was submitted to the MAIPF, . . . (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Candler*, 321 Mich App at 779-780.]

As long as the false statement was used to support the claim, the statute does not require the statement to be submitted to any particular person or entity. *Id*. at 780.

Further, no fraudulent intent is required to commit a "fraudulent insurance act" under MCL 500.3173a because the only scienter requirement is "mere knowledge that the statement contains false information concerning a fact or thing material to the claim . . . ." *Bakeman v Citizens*, 344 Mich App 66, 74; 998 NW2d 743 (2022) (quotation marks omitted).[3] A plaintiff's subjective intent is irrelevant. *Id*. at 75. "[T]he critical concern is whether [the] plaintiff knew that false material information had been provided." *Id*. We explained in *Fashho v Liberty Mut Ins Co*, 333 Mich App 612, 618; 963 NW2d 695 (2020), that "[a] statement is material if it is reasonably relevant to the insurer's investigation of a claim." (cleaned up).

In this case, plaintiff made written and oral statements to support his claim for no-fault benefits to the MAIPF. Accordingly, the first three *Candler* factors are met. Further, plaintiff does not dispute that the statements concerned a fact or thing material to his claim. Thus, the fifth *Candler* factor is also satisfied. The dispute involves the fourth *Candler* factor—whether plaintiff knew the statements contained false information. See *Candler*, 321 Mich App at 780.

Plaintiff testified that he filled out the household services statements on a daily basis and gave the completed forms to his attorney. It is undisputed that plaintiff signed each of the household services statements, affirming that he had read each statement and swore that each one was true. Plaintiff indicated on the forms that Readus washed windows multiple times each month from August through December 2021. But plaintiff admitted in his deposition that Readus did not wash windows. Thus, there is no question that the claims for window washing services were false.

---

[3] *Bakeman* cited former MCL 500.3173a(2). The statute was amended by 2019 PA 21, and that sentence now appears in MCL 500.3172a(4).

-5-

Plaintiff also claimed that Readus vacuumed and ironed.[4]  However, Readus testified that he did not perform any vacuuming or ironing.  Accordingly, there is no question that the claims for vacuuming and ironing were false.

It is further undisputed that Readus was providing services to Richardson for approximately two years before the accident and he was paid by the DHHS for helping Richardson, only.  It is also undisputed that Readus continued providing the same services to Richardson after the subject accident.  Readus testified that he had not been assigned to help plaintiff.  Readus also denied that he had completed services calendars or forms for plaintiff.

Plaintiff's household services statements also included dates before the subject accident and dates that he was hospitalized.  The statements claimed that services were provided daily beginning on August 1, 2021 (four days before the accident) through December 31, 2021.  But plaintiff testified at his deposition that Readus did not begin providing services until August 21, 2021.  And plaintiff's medical records reflect that he was hospitalized for several dates between September and November 2021.

The evidence shows that plaintiff knew that the household services statements that he submitted for the months of August, September, October, November, and December 2021 were not correct.  Plaintiff knew that Readus was providing the services to Richardson, not plaintiff, before the accident and that the services did not change after the accident.  Plaintiff also knew that Readus did not perform any window washing.  And plaintiff knew that he was not entitled to make a claim for services for dates before the subject accident.  No reasonable jury could conclude that plaintiff did not know that he was submitting false information material to his claim for no-fault benefits.  See *Candler*, 321 Mich App at 781-782.  Because plaintiff committed a fraudulent insurance act, he was ineligible for PIP benefits through the MACP.  MCL 500.3173a(4).

Plaintiff relies heavily on *Gary v Farmers Ins Exch*, 348 Mich App 138; 17 NW3d 447 (2023).  *Gary* is not dispositive.  The plaintiff in *Gary* suffered severe cognitive deficits as the result of a motor-vehicle accident and his resulting confusion was reflected by his conflicting answers to a question on the application for benefits.  *Id*. at 141, 149-150.  There is no evidence in this case that plaintiff suffered a cognitive impairment.  Unlike the household services statements in this case, the forms in *Gary* were not completed by the plaintiff.  Further, there was no testimony from the service provider in *Gary* that the services were not actually provided.  The errors in plaintiff's forms were not, as he suggests, merely typographical.  Plaintiff's multitudinous misrepresentations were substantive, which also distinguishes this case from *Gary*.

Additionally, we reject plaintiff's argument that misstatements made in the litigation process are not actionable.  In *Williamson v AAA of Mich*, 513 Mich 264, 275; 15 NW3d 546 (2024), our Supreme Court held that the fraudulent acts provision applies to misrepresentations offered in the discovery process.

---

[4] The forms reflect that Readus vacuumed once weekly each month, but plaintiff testified that Readus vacuumed daily.

Finally, we decline plaintiff's invitation to express disagreement with *Bakeman*'s analysis of the scienter requirement of MCL 500.3173a.

The trial court did not err by concluding as a matter of law that plaintiff knowingly made false statements and material misrepresentations in support of his claim for PIP benefits, thereby rendering him ineligible for such benefits under MCL 500.3173a(4).

Affirmed.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel