*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THELISA ANTHONY,

        Plaintiff-Appellant,

v

GREEKTOWN CASINO LLC,

        Defendant-Appellee.

UNPUBLISHED
September 15, 2025
2:36 PM

No. 370542
Wayne Circuit Court
LC No. 23-001285-NO

Before: K. F. KELLY, P.J., and PATEL and FEENEY, JJ.

PER CURIAM.

In this slip-and-fall case, plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from a slip-and-fall incident that occurred at Greektown Casino in Detroit, Michigan. Plaintiff went to defendant's premises on the evening of October 28, 2021, with her sister, mother, and friend. In the early-morning hours of October 29, 2021, plaintiff was playing the slot machines and eventually got up to use the restroom, where she slipped and fell.

The area leading to the restrooms was subject to video surveillance. Footage showed that the entrance to the restrooms consisted of a short hallway that split to the left and right (the "entrance hallway"), with the women's restrooms on the left, and the men's restrooms on the right. Before plaintiff approached the restrooms, a wet-floor sign was clearly posted in the entrance hallway. Plaintiff testified that upon entering the entrance hallway, she saw the wet-floor sign and noticed a custodian mopping the men's side of the restroom. Video footage showed that plaintiff jogged through the entrance hallway past the wet-floor sign before turning into the women's restroom, where she slipped and fell out of view from the camera. There was no wet-floor sign inside the women's restroom near the stalls.

After falling, plaintiff had trouble walking on her own and was assisted by her friend and the nearby custodian. Security personnel also attended the situation and filled out an incident

report, which noted the presence of the wet-floor sign. Plaintiff was eventually transported to the hospital to receive treatment for her injuries.

In January 2023, plaintiff filed a complaint against defendant alleging claims for ordinary negligence and premises liability based on injuries she sustained as a result of slipping and falling on defendant's premises. In February 2024, defendant moved for summary disposition, arguing that plaintiff's negligence claim sounded exclusively in premises liability, and that plaintiff failed to establish a genuine issue of material fact regarding whether defendant breached its duty to plaintiff. The trial court held a hearing on defendant's motion in March 2024. After hearing argument from the parties, the trial court determined that plaintiff's claim sounded solely in premises liability. It also concluded that plaintiff failed to establish a genuine issue of material fact regarding whether defendant breached its duty. Accordingly, the trial court granted defendant's motion for summary disposition. This appeal ensued.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Chisholm v State Police*, 347 Mich App 646, 651-652; 16 NW3d 563 (2023). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*. at 652. "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds might disagree." *Id*. On review, this Court "consider[s] the documentary evidence in the light most favorable to the nonmovant." *Id*.

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition because she presented substantial evidence of defendant's negligence, including that defendant breached its duty of care to plaintiff. We disagree.

Beginning with plaintiff's claim for premises liability, "[i]n a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). "The duty owed to a visitor by a landowner depends on whether the visitor was a trespasser, licensee, or invitee at the time of the injury." *Id*. The issue of breach concerns "whether defendants' conduct in the particular case is below the general standard of care . . . ." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 112; 1 NW3d 44 (2023) (quotation marks and citations omitted). While the general rule is that "duty is settled by the judge and breach is settled by the jury . . . where the evidence presented to a court concerning breach generates no questions of fact, the issue can be decided by the judge as a matter of law." *Id*. at 112 n 2.

Defendant does not dispute that plaintiff was an invitee on its premises at the time she was injured. See *id*. at 111 ("Generally speaking, invitee status is commonly afforded to persons entering upon the property of another for business purposes.") (quotation marks and citation omitted). "Land possessors owe a duty to exercise reasonable care to protect invitees from an

unreasonable risk of harm caused by a dangerous condition of the land." *Id.* at 112 (quotation marks and citation omitted). A land possessor breaches this duty "when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).

Plaintiff maintains that defendant breached its duty by failing to place a wet-floor sign in the restroom before the incident occurred. Contrary to plaintiff's assertion, the surveillance footage clearly shows that about nine minutes prior to the incident, a wet-floor sign was displayed in the entrance hallway while a custodian was mopping the women's restroom. The sign remained in place for the next nine minutes, and the footage showed plaintiff passing by the wet-floor sign before turning immediately left into the women's restroom. Plaintiff even testified that she saw the wet-floor sign and noticed the custodian mopping the men's restroom nearby. The fact that there was no wet-floor sign inside the women's restroom near the stalls is immaterial. The wet-floor sign that plaintiff took notice of in the entrance hallway was sufficient to warn her of the wet-floor condition in the women's restroom. Indeed, when plaintiff was asked where she fell in relation to the wet-floor sign, she testified that she turned left past the sign, then turned right into the stall area and slipped near the second stall. Given the short distance between the wet-floor sign and the stall area of the women's restroom, defendant properly warned plaintiff of the dangerous condition.

Plaintiff also argues that defendant breached its duty because "it was only after calling for help that an E.V.S. [Environmental Services] attendant arrived, indicating a lack of immediate oversight." Plaintiff testified that when she entered the women's restroom, the custodian was mopping nearby, heard plaintiff fall, and approached to check on her when she called for help. The fact that a custodian was in the immediate area when plaintiff was injured does not indicate a lack of oversight, as plaintiff seems to suggest. Moreover, video footage shows plaintiff entered the restroom at 2:10 a.m., and the incident report indicated that security personnel responded at 2:25 a.m., within 15 minutes of plaintiff entering the restroom. Plaintiff does not further explain how this "[d]elayed [r]esponse" relates to defendant's duty to exercise reasonable care to protect her from the risk of harm caused by the wet floor, and we conclude that any delayed response to plaintiff's injury is not indicative of whether defendant breached its duty.

Defendant emphasizes that in addition to warning plaintiff of the wet floor, the nature of the condition was open and obvious. While prior caselaw situated the open-and-obvious inquiry as part of a land possessor's duty, the current approach is that "the open and obvious nature of a danger—i.e., whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection—is relevant to the defendant's breach and the plaintiff's comparative fault." *Kandil-Elsayed*, 512 Mich at 144 (quotation marks and citation omitted). Plaintiff testified that she saw the wet-floor sign and noticed the custodian mopping nearby. It is reasonable to expect that an average person with ordinary intelligence would have discovered the conditions of the wet floor under these circumstances. Plaintiff may not have undertaken a casual inspection of the area because she was rushing to the bathroom. Indeed, as the trial court noted, plaintiff did not appear to change her gait or slow down while moving past the wet-floor sign. Plaintiff being in a rush, however, does not negate the open and obvious nature of the condition at the time she entered the restroom.

Considering the evidence in the light most favorable to plaintiff, the trial court did not err by determining that plaintiff failed to raise a genuine issue of material fact regarding whether defendant breached its duty. As such, the trial court properly granted defendant's motion for summary disposition regarding plaintiff's premises-liability claim.

We note defendant's suggestion that plaintiff abandoned her claims for ordinary negligence and breach of contract on appeal. Plaintiff made clear in the trial court that she did not assert a claim for breach of contract, and she does not attempt to make a breach-of-contract argument on appeal. However, regarding plaintiff's claim for ordinary negligence, we conclude that plaintiff did not abandon the issue for failure to brief it. Plaintiff's brief repeatedly refers to defendant's purported negligence, and in fact, does not mention the term "premises liability." Plaintiff is representing herself on appeal, and the arguments of parties proceeding *in propria persona* generally "are entitled to more generous and lenient construction than they would be if [they] had been prepared by a lawyer." *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021).

That being said, the trial court properly determined that plaintiff's claim sounded exclusively in premises liability. While an ordinary-negligence claim involves "the overt acts of a premises owner on his or her premises," a premises-liability claim concerns "injury by a condition of the land." *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914 (2010). In her complaint, plaintiff alleged that she suffered injury because of the condition of the wet floor. She argues consistently on appeal, stating that her injury was based on an "unmarked wet floor in the women's restroom." Because her injury arose from a condition of the land, plaintiff's claim sounds only in premises liability, and the trial court did not err by so determining.

Affirmed. Having prevailed on appeal, defendant may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Sima G. Patel
/s/ Kathleen A. Feeney