*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL RADKE and KATHLEEN RADKE,

      Plaintiffs-Appellants,

v

CHARLES TRUESDELL, doing business as
TRUESDELL INDUSTRIES,

      Defendant-Appellee,

and

RONALD SWENSON,

      Defendant.

UNPUBLISHED
March 7, 2024

No. 359866
Ingham Circuit Court
LC No. 20-000513-NO

ON REMAND

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

This case returns to this Court on remand[1] for analysis under our Supreme Court's recent decision in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95; ___ NW2d ___ (2023), which changed how courts analyze open and obvious conditions in premises-liability claims. Because plaintiff Michael Radke was a licensee, not an invitee, *Kandil-Elsayed* does not control the outcome of this case. Therefore, we affirm.

---

[1] *Radke v Truesdell*, ___ Mich ___; 997 NW2d 218 (2023) (*Radke II*).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The facts of this case are not in dispute, and were previously set forth by this Court in *Radke v Truesdell*, unpublished per curiam opinion of the Court of Appeals, issued December 29, 2022 (Docket No. 359866), pp 1-2 (*Radke I*):

> In 2019, Ronald Swenson hired general contractor Truesdell to construct Swenson's new home in Williamston, Michigan. Swenson is a hobby electrician and Truesdell agreed that Swenson could complete much of the electrical installation in the home. Michael and Swenson were long-time friends who often helped each other with home projects. On October 9, 2019, when Swenson's home was under construction, Swenson invited Michael to his home to help him install light fixtures on the front porch. While there, Michael went to retrieve a wooden plank from the home's exterior. As he was walking backwards through the garage carrying the plank, he bumped into a wall, causing Michael to step backwards and fall through a large opening to the basement. Although a subcontractor was going to install stairs from the garage to the basement, he had yet to do so, and there were no barriers surrounding the opening. Michael was severely injured in the fall.

> The Radkes filed this lawsuit alleging negligence against Truesdell for Michael's injuries and a derivative claim for loss of consortium on Kathleen's behalf. Truesdell moved for summary disposition under MCR 2.116(C)(10) contending that Michael's claim sounded in premises liability. He further argued that Michael could not recover under premises liability because the opening was open and obvious and Truesdell had no duty to safeguard Michael, a licensee, from this danger. Moreover, no special aspects existed which could render Truesdell liable for Michael's injuries. The trial court agreed and granted the motion for summary disposition.

In *Radke I*, this Court affirmed the grant of summary disposition. This Court agreed with the trial court that the Radkes' claims sounded in premises liability and Truesdell had possession and control over the home when Michael fell. *Id.* at 3-4. This Court further concluded that Truesdell owed Michael no duty to warn of the open and obvious danger because Michael was a licensee, not an invitee. *Id.* at 4-6. This Court declined to address the Radkes' argument "that the opening in the garage floor was unreasonably dangerous and, therefore, special aspects existed such that Truesdell had a duty to protect Michael from the danger," because the special-aspects exception conferred a duty upon a premises possessor with respect to invitees, and there was no genuine issue of fact that Michael was not an invitee. Id. at 6.

Later, our Supreme Court, in *Kandil-Elsayed*, 512 Mich at 148-149, substantially altered the legal framework governing premises-liability claims. Because our decision in *Radke I* relied on the former open and obvious framework, the Court vacated *Radke I* and remanded the case to this Court for reconsideration in light of *Kandil-Elsayed*. *Radke v Truesdell*, ___ Mich ___; 997 NW2d 218 (2023) (*Radke II*).

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).  A motion is properly granted pursuant to MCR 2.116(C)(10) when "there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law."  *Id*. at 415.  This Court "must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists.  A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence."  *Id*. at 415-416.

> In presenting a motion for summary disposition, the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence.  The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists.  Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists.  If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted.  [*Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996) (citations omitted).]

## III. ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted).  The duty owed a visitor depends on whether the visitor is a trespasser, a licensee, or an invitee. *Kandil-Elsayed*, 512 Mich at 111.  Invitees are afforded the highest level of care. *Sanders v Perfecting Church*, 303 Mich App 1, 5; 840 NW2d 401 (2013).  Even so, under our former jurisprudence, a land possessor had no duty to protect invitees from open and obvious dangers. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001), overruled by *Kandil-Elsayed*, 512 Mich 95 (2023).  *Kandil-Elsayed* overruled *Lugo*, holding that the open and obvious nature of a condition does not relate to the land possessor's duty. *Kandil-Elsayed*, 512 Mich at 133.  Instead, *Kandil-Elsayed* concluded that whether a condition is open and obvious is relevant to whether the defendant breached their duty of care. *Id*. at 144.  Assuming an otherwise actionable premises-liability claim has been established, the open and obvious nature of the condition informs whether the plaintiff's damages should be reduced on the basis of comparative fault. *Id*. at 144, 148-149.

This shift in the analysis of the open and obvious doctrine does not change the outcome of this case, because Michael was a licensee, not an invitee.  The question whether a condition was open and obvious is not relevant to whether a land possessor breached their duty of care to a licensee, because land possessors only owe a duty to warn licensees of *hidden* dangers.  See *Stitt*

*v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000) ("A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved."). Thus, we conclude that *Kandil-Elsayed* is inapplicable to this case, and we need not reverse on this basis.

      Affirmed.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica